[Department Two.—August 9, 1883.]

J. D. BYERS ET AL., RESPONDENTS, *v.* OLIVER BOURRET, APPELLANT.

PARTNERSHIP—FICTITIOUS NAMES—COMMENCEMENT OF ACTION.—A partnership doing business under a designation not showing the names of the partners cannot commence an action until they have filed the certificate and made the publication required by the Civil Code. The commencement of an action is a part of maintaining it.

APPEAL from a judgment of the Superior Court of the county of Plumas.

The facts are stated in the opinion of the court.

*W. W. Kellogg,* and *E. T. Hogan,* for Appellant.

*R. H. F. Variel,* for Respondents.

MYRICK, J.—The plaintiffs, J. D. Byers and J. O. Hemler, allege themselves to be partners under the firm name of J. D. Byers & Co., and sue to recover the amount due on a promissory note executed by the defendant to them as such partners, which note was made payable to " J. D. Byers & Co."

The answer of defendant, in the nature of a plea in abatement, alleged that the plaintiffs had no right to maintain the action, for the reason that they had not complied with the provisions of sections 2466 and 2468 of the Civil Code, regulating the filing and publishing a certificate of the partnership.

The case was tried on the issue thus presented on the 15th of December, 1882, and on the same day findings were filed and a judgment rendered for plaintiffs for the amount of the note with interest and costs.

The court found that at the time the action was commenced the plaintiffs had not filed or published the certificate of partnership required by the sections above referred to, but that on · the 7th of December, 1882, and prior to the day of the trial, the plaintiffs did file a certificate in due form, and commenced the publication thereof in a weekly newspaper, and that publication thereof had been made once before the trial; and as conclusion of law the court held that the plaintiffs were entitled to recover.

This was error. Section 2468 of the Civil Code declares that persons transacting business in this State under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, shall not maintain any action upon or on account of any contracts or transactions had in their partnership name, in any court of this State, until they have first filed the certificate and made the publication required by section 2466. The certificate must state the names in full of all the members of the partnership, and their places of residence, and must be published once a week for four successive weeks in a newspaper.

The commencement of an action is a part of the maintaining it. In this case it was incumbent on the plaintiffs to have shown that the certificate had been filed, and published once a week for four successive weeks before the commencement of the action. We find the law very plainly written, and must hold accordingly.

The judgment is reversed and the cause is remanded, with instructions to render judgment for the defendant; such judgment, however, not to be a bar to another action, if plaintiff shall be advised to commence it after full publication.

SHARPSTEIN, J., and THORNTON, J., concurred.