[No. 14308.   Department One. — July 25, 1893.]

# BANK OF BRITISH NORTH AMERICA, RESPONDENT, v. JAMES MADISON ET AL., APPELLANTS.

BANKS — TIME FOR FILING STATEMENTS — DIRECTORY STATUTE — CONDITION PRECEDENT TO ACTION. — The act of April 1, 1876, requiring a banking corporation to publish and file statements of its capital stock and of its assets and liabilities in January and July of each year, and prohibiting such corporation from maintaining any action in the courts of this state, "*until* they shall have first duly filed the statements herein provided for, and in all other respects complied with the provisions of this law," is directory as to the naming of the months, and it is a sufficient compliance with the provisions of the statute if a semi-annual statement is published and filed before the commencement of an action by the corporation, and before the time named in the statute for the publication of the next statement.

ID. — TWO STATEMENTS INCLUDED IN ONE DOCUMENT — RECORD. — The fact that the statute provides for the semi-annual publishing and filing of two statements, one of the amount of the capital stock actually paid in, and the other of the actual condition and value of the corporation's assets and liabilities, and where the same are situated, does not render it essential that they shall be presented in two distinct documents, and the incorporation of both of such statements in one document, which is published and filed, is not objectionable, especially if they are recorded in each of the books kept for that purpose by the county recorder.

ID. — VERIFICATION OF STATEMENTS — " BEST KNOWLEDGE AND BELIEF " OF AGENT. — The legislature, in requiring the sworn statements to be verified by the resident agent or manager of the corporation, did not intend to require an affidavit of a higher degree than could be made on the part of the officer from whom it is demanded, and when an affidavit is to be made of matters which are presumptively derived through information from others, it is sufficient if the affiant states that it is made to the best of his knowledge and belief.

ID.—STATEMENT OF ASSETS AND LIABILITIES.—The statute does not contemplate a detailed schedule setting forth every asset and liability of the bank, and a general statement of its assets and liabilities showing their condition and value in gross, with such distribution into groups or classes as will enable those for whose benefits the statements are required to ascertain the financial standing of the bank, is sufficient.

ID.—PLACE OF SITUATION OF ASSETS—DESIGNATION OF AMOUNT IN EACH PLACE.—The places where the assets of the bank are situated and the amount of assets at each place must be shown with certainty, and a statement is insufficient which designates several cities in each of which the assets are partly situated, without stating the amount of the assets at each of the designated places.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Daniel Titus,* for Appellants.

The plaintiff has not the legal capacity to maintain this action, as it has failed to publish and record the required statements. (*Bank of British North America* v. *Cahn,* 79 Cal. 463. See also *Cameron* v. *Seaman,* 69 N. Y. 396, 400; 25 Am. Rep. 212; *Vincent* v. *Sands,* 42 How. Pr. 235; *Whitney Arms Co.* v. *Barlow,* 6 Jones & S. 555, 562; *Gildersleeve* v. *Dixon,* 6 Daly, 76; *People* v. *Buffalo Stone etc. Co.,* 131 N. Y. 140, 145.) The attempted verification in this case was insufficient, as perjury could not be assigned if the statements were untrue. (*Whitney Arms Co.* v. *Barlow,* 63 N. Y. 66; 20 Am. Rep. 504.)

*Carter P. Pomeroy,* and *Smith & Pomeroy,* for Respondent.

The penalties against suing, imposed by the Banking Act of April 1, 1876, are not applicable to the present case, and should not be so construed, for the reason that the "banking business" done by the plaintiff, to wit, the purchase of the bills of exchange, was done in a foreign country. (*Bank of British North America* v. *Barling,* 44 Fed. Rep. 641; *Barling* v. *Bank of British North America,* 50 Fed. Rep. 260.) The act in question is highly penal and should be strictly construed against the incurring of the penalty. (See Sedgwick's Statutory and Constitutional Law, 324 et seq; Dwarris on Statutes, 635; *Garrison* v. *Howe,* 17 N. Y. 458; *Bonnell* v. *Griswold,* 80 N. Y. 128;

*Gray* v. *Coffin*, 9 Cush. 199; *Stedman* v. *Eveleth*, 6 Met. 114; *Cable* v. *McCune*, 26 Mo. 371; 72 Am. Dec. 214; *Whitaker* v. *Masterton*, 106 N. Y. 277; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; 20 Am. Rep. 504; 68 N. Y. 34; *Derrickson* v. *Smith*, 27 N. J. L. 166; *Pier* v. *Hanmore*, 86 N. Y. 95.) Being penal, the statute should not be construed so as to give it an extraterritorial effect. (See *Derrickson* v. *Smith*, 27 N. J. L. 166.) Even conceding that the statute applies to this case, still the statements filed and recorded are substantially in compliance with the statute, and are therefore sufficient to enable the plaintiff to maintain this action. (See *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 66; 20 Am. Rep. 504, and cases cited.) Such statements are not required to be verified in any particular form, and the verification need not be unqualified or positive, or show that the subject-matters affirmed to are within the knowledge of the affiant. (*Glen's Falls Paper Co.* v. *White*, 18 Hun, 215; *Bonnell* v. *Griswold*, 80 N. Y. 129.) The objection that the statement filed in April was not a statement of the preceding half year ending with the first day of January of that year is without merit, as the statute nowhere says that the statement shall purport to speak as of any particular date. (See *Bonnell* v. *Griswold*, 80 N. Y. 137.)

HARRISON, J. — This case involves principles similar to those presented in the *Bank of British North America* v. *Alaska Improvement Co.*, 97 Cal. 28. The plaintiff seeks herein to recover from the defendants as stockholders of the Alaska Improvement Company their proportionate liability of the amount represented by the bills of exchange upon which the former action was brought. The defense thereto is the same as was presented in that action, and the question involved is whether the statements which the plaintiff had filed and published before the commencement of the present action sufficiently conform to the requirements of the act of April 1, 1876 (Stats. 1876, p. 729), whose provisions were construed in the former case, and take the present case out of the rules there laid down.

1. The present action was commenced April 8, 1890, and the statement relied upon by the plaintiff was published and filed April 4, 1890, and it is objected that as the act in question required the statement to be published and filed "in January

and July of every year," it must be published and filed in those respective months in order to relieve the plaintiff from the penalty prescribed by the statute. The statute does not, however, in terms declare that any penalty shall be enforced against the corporation for a failure to publish and file the statements, or that any consequence shall result from its omission to do these acts within the designated months, and it must, therefore, be held that the naming of the months in the statute is merely directory. The penalties named in the statute are the liability of the officers for making a false statement, and the prohibition of the corporation from maintaining any action in the courts of this state "*until* they shall have first duly filed the statements herein provided for, and in all other respects complied with the provisions of this law." The use of this phrase shows that the prohibition to maintain an action was not intended to be absolute by reason of the failure to do the acts within the designated months, but was intended to exist only "until" they should have been done. (See *Byers* v. *Bourret*, 64 Cal. 73.) The object of the statute is not that the statement shall be published and filed in any particular months, so much as that the public shall have information of the financial standing of the corporation, and for the purpose of enforcing this requirement it declares that the corporation shall not maintain any action until it shall have complied therewith. The statute does not fix the time at which the statements shall be prepared, but as some time must necessarily elapse after their preparation before they can be published, and as they are to be published semi-annually, it is reasonable to hold that it is a sufficient compliance with the provisions of the statute if a semi-annual statement is published and filed before the time named in the statute for the publication of the next statement.

2. Although the statute provides for the publishing and filing of two statements, one of the capital stock and the other of the assets and liabilities of the corporation, it does not require that they shall be presented in two distinct documents, nor does the appellant advance any reason in support of his objection that the incorporation of them both in one document is not a sufficient compliance with the statute. No such reason occurs to us, and we hold, therefore, that when the corporation has made proper

statements of the amount of its capital actually paid in, and of the actual condition and value of its assets and liabilities, and where said assets are situated, the objection that such statements are incorporated into one document and published and filed together is not tenable, especially if they are recorded in each of the books kept for that purpose by the county recorder.

3. The verification of the statements under consideration sufficiently conforms to the requirements of the act. The statute requires that the "sworn statement" shall be verified in the case of a foreign corporation "by the agent or manager of the business of such corporation, resident in this state," "before some judge or officer of this state authorized to take affidavits to be used before any court in this state." In the present case the statements are each accompanied by the affidavit of William Lawson, "sworn to" before a notary public, in which he states that he is "the managing agent at San Francisco of the above-named bank, and that said bank has no cashier or secretary at its agency in said place . . . .; that the foregoing statement is to the best of his knowledge and belief a true and correct statement," in the one case "of the actual condition and value of the assets and liabilities of said bank, and of the situation of the said assets on the 31st of December, 1889," and in the other case "of the capital actually and *bona fide* paid in money into the treasury of said bank." The objection that the affidavit is not positive, or made upon the actual knowledge of the affiant is not tenable. Necessarily all the transactions of a corporation are not within the actual knowledge of any one individual, and the contents of the statement required by the statute must be obtained from different sources. The legislature did not intend to require an affidavit of a higher degree than could be made on the part of the officer from whom it is demanded, and when an affidavit is to be made of matters which are presumptively derived through information from others, it is sufficient if the affiant states that it is made to the best of his knowledge and belief.

4. The statement of the amount of capital actually paid in is as follows:—

"Statement of the amount of capital of the Bank of British North America (incorporated by Royal Charter, 1840), at the

close of business hours on the 31st of December, 1889, and
April 4, 1890.

Capital subscribed.....................................$ 4,866,500 00
Capital actually and *bona fide* paid in money
    into the treasury of said bank.............. 4,866,500 00
Reserve fund......................................... 1,240,957 00
Undivided net profit.................................. 214,496 12

"The above accounts are made upon the basis of $4.8665 to
the pound sterling."

To this statement is annexed the affidavit of the managing
agent of the plaintiff, made April 4, 1890, in which he states
"that the foregoing statement is to the best of his knowledge
and belief a true and correct statement of the capital actually
and *bona fide* paid in money into the treasury of said bank, of
the reserve fund and undivided net profits thereof at the close
of business hours on the thirty-first day of December, 1889,
and at the date of the verification of this statement."

The statement of the actual condition and value of its assets
and liabilities is as follows:—

"Statement of the liabilities and assets of the Bank of British
North America (incorporated by Royal Charter, 1840), at the close
of business hours, on the 31st of December and April 4, 1890.

"Actual condition and value of said bank's liabilities:—

Capital......................................................$ 4,866,500 00
Reserve fund.......................................... 1,240,957 00
Due depositors on deposit.......................... 11,004,998 44
Circulation............................................. 1,224,452 34
Bills payable and other liabilities................ 8,419,612 32
Rebate ................................................ 67,202 52
Undivided net profit................................ 214,496 12

    Total.........................................$27,038,218 74

"Actual condition, value and situation of said bank's assets:—

Cash and specie at bankers and on hand........$ 2,321,978 42
Cash at call and short notice........................ 3,749,518 76
Investments............................................ 333,588 52
Bills receivable and other securities................ 20,225,487 78
Bank premises......................................... 407,645 26

    Total.........................................$27,038,218 74."

And to this statement is also annexed an affidavit of the manager made April 4, 1890, that "the same is a true and correct statement of the actual condition and value of the assets and liabilities of said bank, and of the situation of the said assets at the close of business hours on the 31st of December, 1889, and to the best of the affiant's knowledge and belief, is a true and correct statement of the actual condition and value of such assets and liabilities, and of the situation of said assets at the date of the verification of this statement."

The provision of the statute is that the corporation shall publish and file for record a sworn statement "of the amount of capital actually paid into such corporation, or into such banking business, provided that nothing shall be deemed capital actually paid in except money *bona fide* paid into the treasury of such bank . . . .; and a like sworn statement of the actual condition and value of the assets and liabilities."

We are of the opinion that the statements under consideration are a substantial as well as a literal compliance with these provisions of the act. The statute does not contemplate a detailed schedule setting forth each asset and liability of the corporation, but its object is to show their condition and value in gross, with such distribution into groups or classes as will enable those for whose benefit the statements are required to ascertain the general condition and financial standing of the corporation as a banking institution. The statement of assets contemplated by the statute is one from which can be ascertained their condition and value, and whether they furnish a sufficient security for the public in dealing with the corporation; and this would include the general character of the securities in which its capital, as well as the moneys deposited with it, are invested, what portion thereof is available for meeting its liabilities or may be readily converted into money therefor, and what portion is in a more permanent investment or held as a *quasi* guaranty for its depositors. On the other hand, the statute contemplates such a statement of its liabilities as will show what portion thereof is immediate and what portion remote, whether there is such a disparity between the assets and liabilities of the corporation as to render it of doubtful standing, or whether its surplus of available assets is such as to justify the public in regarding it

as prosperous and safe to deal with. These statements are intended to be general in character, and to give results rather than details. The "condition" of the several assets and liabilities which is to be set forth therein is not a detailed description from which the solvency of each asset is to be determined, as that object is reached by requiring their "value" to be stated.

5. The statute requires that the statement shall also show *where* the assets are situated. The manifest object of this provision is to furnish information to the public within this state, and particularly to those in the locality where the corporation has its place of business, of the security which is afforded to those whom the corporation invites to deal with it as a banking institution, and for this purpose it is essential to know where its assets may be found, as well as their condition and value, in order that those wishing to deal with it may determine whether they are available for the purpose of meeting its liabilities within this state. A banking corporation doing business in California, whose assets are chiefly in a remote part of the world, would not offer as great an inducement for patronage as if its assets were within the state, and, although such fact does not prevent it from doing business here, it has been determined by the legislature that for the protection and guidance of those who may deal with it the public shall be informed where the assets of the corporation are situated.

The declaration in the statement of the plaintiff herein is that its assets "are situated partly in the city of London, England; partly in the city and county of San Francisco, California; partly in the city of New York, New York; and partly at the other places in Canada mentioned in the affidavit hereto where the said bank has agencies"; and in the affidavit it is stated "that the places in Canada at which the said bank has agencies, and at each of which a certain portion of its assets are situated, are as follows, to wit: London, Brantford, Paris, Hamilton, Toronto, Brandon, Mon., Kingston, Ottowa, Montreal, Quebec, St. John, N. B., Fredericton, N. B., Halifax, N. S., Victoria, B. C., Vancouver, B. C., Winnipec, Man."

This statement fails to comply with this provision of the statute by reason of the omission to state the amount of the

assets which are situated at each of the designated places.  A statement giving the amount of the assets, and that they are situated in "Great Britain" or "California," would not be a compliance with the statute, nor would the designation of six or more of the principal cities in both or either of these countries as the places where they are situated be the statement which the law requires, if the amount of the assets in each of the designated places is not also given.  The requirement of the statute that the statement shall show *where* the assets are situated, means that it shall not only point out and designate with approximate particularity the place in which they are situated, but also that if they are situated in more than one place, the amount of the assets in each of the several places shall be given. A statement which does not show what proportion of the assets are situated within the state of California does not afford the information which it is intended to give, and the citizen of this state who deals with the bank is not informed whether he has any security in such dealing.  The state has indicated as its policy that corporations that engage in banking, whether foreign or domestic, shall at stated intervals publish to the world, for the protection of those who may desire to deal with them, certain information concerning their assets and liabilities, and it is incumbent upon every corporation that would engage in such business to make a substantial compliance therewith.  The fact that the plaintiff is a foreign corporation, and that it is for that reason more difficult to comply with the statute, does not exempt it from this obligation, for the constitution (art. XII., sec. 15) declares that "no corporation organized outside the limits of this state shall be allowed to prosecute business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state." This requirement of the statute is not unreasonable, nor is it one with which a compliance is impracticable or even difficult. It is quite as easy for the plaintiff to specify the amount of its assets in each place in which it does business, as it is to aggregate them for the purpose of giving their condition and value.  It may involve a little more labor, but that results from the magnitude of its business, rather than from its nature.

For the **error in** the court below in holding that this portion of the statement was a sufficient compliance with the statute, its judgment and order are reversed.

PATERSON, J., and GAROUTTE, J., concurred.