[Civ. No. 2866.   First Appellate District, Division One.—January 10, 1920.]

## BANK & TRUST COMPANY OF CENTRAL CALIFORNIA, Respondent, v. JAMES W. GEARHART, Appellant.

[1] PARTNERSHIP — MEMBERSHIP IN — EVIDENCE.—Where the uncontradicted testimony of the two persons executing the certificate of fictitious copartnership required by section 2466 of the Civil Code is that the entire capital contributed to the partnership fund was their own money and that no other person was interested in the company, testimony establishing the fact that the business bore the name of a third person, that such third person had authority to sign contracts and checks, in the name of the firm, and to draw money for his own use, charging himself with it, is insufficient to bring such third person within the operation of section 2395 of the Civil Code, defining a partnership.

[2] FICTITIOUS NAMES — FILING AND PUBLICATION OF CERTIFICATE — ORDER IMMATERIAL.—In complying with the requirements of section 2466 of the Civil Code, it is not essential that the filing of the certificate of fictitious copartnership should precede the publication thereof.

[3] ID.—SUFFICIENCY OF CERTIFICATE.—A certificate of fictitious copartnership which recites that notice is thereby given "that the undersigned have engaged in business" at a particular place, under a given name, followed by the full names and addresses of the persons composing the copartnership, is sufficient without a recital that those persons are all the members of the partnership. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellant.

Milton M. Dearing for Respondent.

WASTE, P. J.—This action was brought by plaintiff, as assignee, to recover the sum of one thousand dollars and in-

1.  Reputation as proof of partnership, note, L. R. A. 1918D, 505.

terest, alleged to be due from defendant upon a contract with The Oscar Parlier Company, for the purchase of an automobile, and on which the initial payment of eight hundred dollars had been made. Plaintiff recovered judgment and defendant appeals. The principal contention of the appellant, as stated by his counsel, is that "The Oscar Parlier Company was a copartnership, doing business under a fictitious name, which copartnership had failed to comply with the provisions of sections 2466 and 2468 of the Civil Code of the state of California, and therefore its assignee cannot recover in this action."

[1] In support of his position appellant argues, first, that the evidence shows conclusively that the Oscar Parlier Company, the copartnership, found by the trial court to consist of Mrs. Bertha V. Parlier and Kathryn Hall Wilson, the only parties executing the certificate of fictitious copartnership required by the section of the Code, in reality consisted of those two and Oscar Parlier, husband of the first-mentioned partner. In this appellant is mistaken. Mrs. Parlier and Kathryn Hall Wilson are sisters. The uncontradicted testimony of the former is that the entire capital contributed to the partnership fund was their own money, derived from the estate of their mother, and money borrowed, and that no other person was interested in the company. The only additional testimony, on which appellant relies, merely established the fact that the business bore the name of Mrs. Parlier's husband, and that he had authority to sign contracts and checks, in the name of the firm, and to draw money for his own use, charging himself with it. This evidence was insufficient to bring Mr. Parlier within the operation of section 2395 of the Civil Code, defining a partnership. The court's finding upon the matter was, therefore, correct.

Appellant's second point is that the certificate of copartnership had not been filed and published in the manner prescribed by section 2466 of the Civil Code, in that it was published first and filed afterward in the office of the county clerk. The section provides that persons transacting business in this state under a fictitious name, or designation not showing the names of the persons interested as partners in such business, "must file with the clerk of the county . . . a certificate, stating the name in full and the place of

residence of such person and stating the names in full of all the members of such partnership and their places of residence. Such certificate must be published once a week for four successive weeks, in a newspaper published in the county. . . ."

[2] Appellant's contention is that the certificate should have been filed before publication. As yet we have found no case squarely deciding one way or the other, but there are authorities which seem to hold that a *substantial* compliance with the section is all that is required. The purpose of laws of this type appears to be to protect persons giving credit to a fictitious firm on the faith of a fictitious designation (20 R. C. L. 923). The object of the section, *supra,* is that public notice shall be given, and a public record made of the individual members of such partnerships, with such definiteness and particularity that those dealing with them may at all times know who are the identical individuals with whom they are dealing, or to whom they are giving credit or becoming bound. (*Meads, Seaman & Co.* v. *Lasar,* 92 Cal. 221, 226, [28 Pac. 935]; *Pendleton* v. *Cline,* 85 Cal. 141, 144, [24 Pac. 659].) The members of such partnership may be as fully identified and designated for this purpose, by a certificate published first, and then filed, as was done in the instant case, as by one filed and then published. The disability to maintain an action upon a contract made, or transaction had under the fictitious name, until the certificate has been filed and the publication made (sec. 2468, Civ. Code), remains, in either event, until the publication has been completed. As we understand the decisions, the certificate imparts no notice until it has been filed and the publication had for the statutory time. (*Byers* v. *Bourret,* 64 Cal. 73, [28 Pac. 61]; *Nicholson* v. *Auburn Gold Mining & Milling Co.,* 6 Cal. App. 547, [92 Pac. 651].) Consequently, we are unable to perceive what difference it can make, in arriving at the manifest results intended for the section, whether the filing preceded or followed the publication. There is nothing in the section lending support to appellant's contention other than the order of the two sentences, providing for the filing and for the publication. The provision relating to filing precedes the other. There is no provision that the certificate shall be filed first, or that the publication shall refer to the filing, or bear any indorse-

ments showing such fact. The section contains nothing of such compelling force as to lead us to hold that its provisions were not substantially complied with in the instant case. None of the authorities cited by appellant go further than to hold both things must be done.

The other issues raised by appellant's answer in the court below were correctly disposed of by the findings.

The judgment is affirmed.

Knight, J., *pro tem.*, and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 9, 1920, and the following opinion then rendered thereon:

THE COURT.—On petition for a rehearing appellant lays stress upon a third objection to the form of the published certificate of copartnership, as ground for a reversal of the judgment. Although the point was raised in the opening brief, the only one filed by appellant, it was there stated in such a manner that the court concluded, as counsel concedes it might well do, that such objection was based solely upon the ground that, in appellant's opinion, the evidence disclosed that the partnership consisted of more persons than those named in the certificate. The suggestion was presented with but little more than a passing reference. Now, for the first time, appellant amplifies his argument of the point.

[3] There were but two partners, Bertha V. Parlier and Kathryn H. Wilson. The notice reads as follows:

"Notice is hereby given that the undersigned have engaged in business at the city of Fresno, California, under the fictitious name of 'The Oscar Parlier Co.'; that the full names of the persons and their place of residence thereof is as follows:

"Bertha V. Parlier, Fresno, California; Kathryn H. Wilson, Fresno, California."

Appellant's point is that it does not purport to say that Bertha V. Parlier and Kathryn H. Wilson are all the members of the partnership, and notwithstanding the statement made, there may have been other persons engaged in the same business and in the same partnership, and from

all that appears on this certificate, any number of persons other than the persons signing it, might have been associated with them in business.

Section 2466 of the Civil Code, so far as pertinent to this discussion, reads: " . . . every person transacting business in this state under a fictitious name and every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which his or its principal place of business is situated a certificate stating the name in full and the place of residence of such person, and stating the names in full of all the members of such partnership and their places of residence."

In the instant case the certificate contained all that was necessary, and complied literally with the requirement of the section. It was signed by the partners and acknowledged in the manner provided by section 2468 of the Civil Code, and was sufficient.

The petition for a rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1920.

All the Justices concurred.