[S. F. No. 13312. In Bank.—April 9, 1930.]

W. S. WETENHALL, etc., Respondent, v. CHAS. S. MABREY CONSTRUCTION CO. (a Corporation) et al., Appellants.

Robert H. Schwab for Appellants.

G. R. Perkins for Respondent.

WASTE, C. J.—█ This appeal by the defendants from a judgment entered on the pleadings presents the question whether or not an individual doing business as such, and using his own name and initials, followed by the word "Company," is required to file with the clerk of the county and publish the certificate required by sections 2466 and 2468 of the Civil Code. On petition to this court, after decision and judgment in the District Court of Appeal, it was contended that the decisions on the subject were not uniform, in that an opposite view to that expressed by the decision in this case had been reached by the District Court of Appeal of another district in *Collection Service Corp.* v. *Conlin,* 98 Cal. App. 686 [277 Pac.

749], in which case a hearing in this court had not been sought.

Our examination discloses that the facts of the two cases are essentially different. In the Conlin case it was alleged and found that the assignor of the plaintiff "was doing business under the registered *fictitious* name of," etc. (italics ours), which distinguishes the case from the one at bar. We are, therefore, content to adopt, as the opinion and decision of this court, the opinion of the District Court of Appeal, prepared by Mr. Justice *pro tem.* H. L. Preston, viz.:

"This is an action by plaintiff against the contractor as principal, and the bonding company, above named, as surety, for materials furnished to the contractor and used in the construction of a building in San Bruno, California.

"Appellants rely upon two special defenses which are set forth in their answer. First, 'That plaintiff has failed to comply with the provisions of sections 2466 to 2468, inclusive, of the Civil Code of the State of California, and for that reason said action is barred.' Paragraph I of the complaint is as follows: 'That plaintiff now is and was at all times herein mentioned doing business under the name and style of W. S. Wetenhall Company, with his office and principal place of business in the city and county of San Francisco.' Section 2466 of the Civil Code provides: ' . . . every *person* transacting business in this state under a *fictitious name* and *every partnership* transacting business in this state under a fictitious name or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which his or its principal place of business is situated, a certificate stating the name in full and the place of residence of such person and stating the names in full of all the members of such partnership and their places of residence.'

"The first question, therefore, to be determined is whether the name 'W. S. Wetenhall Company' is a fictitious name. An examination of the following authorities fully convinces us that the name 'W. S. Wetenhall Company' is not fictitious. (*Spreckels* v. *Grace Darling Hospital Assn.*, 28 Cal. App. 646, 648 [153 Pac. 718]; *Pendle-*

*ton* v. *Cline,* 85 Cal. 142 [24 Pac. 659]; *Carlock* v. *Cagnacci,* 88 Cal. 600, 601 [26 Pac. 597]; *McLean* v. *Crow,* 88 Cal. 644, 647 [26 Pac. 596]; *Lamberson* v. *Bashore,* 167 Cal. 387, 391 [139 Pac. 817]; *Andrews* v. *Glick,* 205 Cal. 699 [272 Pac. 587]; *Hall et al.* v. *King,* 100 Cal. App. 70 [279 Pac. 814].)

"If the name 'W. S. Wetenhall Company' is not fictitious then [plaintiff] does not come within the purview of section 2466 at all for the reason that he is an *individual* doing business under the name and style of 'W. S. Wetenhall Company' and is not a *partnership.* That portion of section 2466 of the Civil Code reading 'or a designation not showing the names of *persons* interested *as partners* in such business,' etc., refers *only to partnerships* and *not to an individual.* Or, in other words, if the name used by W. S. Wetenhall is not fictitious and *no other person* is interested with him in the business, he does not have to comply with said section 2466. This section is not susceptible of any other reasonable interpretation. Our conclusion is strengthened by the language used in the latter part of section 2468 of the Civil Code, which reads: 'No *person* doing business under a fictitious name, . . . nor *any persons* doing business *as partners* contrary to the provisions of this article, . . . shall maintain any action . . . until the certificate has been filed and the publication has been made. . . . '

"We are not unmindful of the fact that in such cases as *Andrews* v. *Glick, supra, Hall* v. *King, supra, North* v. *Moore,* 135 Cal. 621 [67 Pac. 1037], *Schwarz & Gottlieb, Inc.,* v. *Marcuse,* 175 Cal. 401 [165 Pac. 1015], *Nicholson* v. *Auburn Gold Min. etc. Co.,* 6 Cal. App. 547 [92 Pac. 651], and similar cases, the courts have held that the various names used, while not fictitious, were designations not showing the names of the persons interested as partners in the business and, therefore, were required to file the certificate under section 2466 of the Civil Code. An examination, however, of these cases will show that in all of them *two or more persons* were interested in the business. We have been unable to discover any case in which a single individual who was doing business under a name not his own, but one which was not fictitious, was required to comply with said section 2466, before he could maintain

an action, notwithstanding, from the name used alone, it might be impossible to determine how many persons were interested in the business.

"The second contention made by appellants is wholly without merit. The portion of the answer relied upon does not raise any issue whatever, and needs no special discussion."

The judgment is affirmed.

Langdon, J., Preston, J., Curtis, J., Shenk, J., Richards, J., and Seawell, J., concurred.