[No. 8890. In Bank.— October 31, 1885.]

## J. P. SWEENEY ET. AL., RESPONDENTS, *v.* LELAND STANFORD, APPELLANT.

PARTNERSHIP— PLEADING— FICTITIOUS NAME— CERTIFICATE. — The plaintiffs were partners doing business under a designation which did not show the names of the partners. This fact appearing on the face of the complaint, it was alleged that the plaintiffs had filed a certificate as required by section 2468 of the Civil Code. The complaint counted upon a contract made by them in their partnership name. The allegation as to the filing of the certificate was denied by the answer, and the certificate given in evidence did not comply with the statute. *Held,* that the allegation was essential to the sufficiency of the complaint, and that the plaintiffs could not recover without proving it.

ID. — WHEN FAILURE TO FILE CERTIFICATE A DEFENSE. — If the facts alleged in the complaint do not bring the case within the provisions of the statute requiring a certificate, the failure to file it is only available by setting it up in the answer as a defense to the action.

ID. — ABATEMENT OF ACTION. — The effect of failing to file a certificate when required is merely to abate the action. After complying with the statute, a new action may be brought.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought on an account for the price of goods sold and delivered. The remaining facts are stated in the head-notes and opinion of the court.

*H. S. Brown,* and *J. E. Foulds,* for Appellant.

*Edward P. Cole,* for Respondents.

ROSS, J.— By statute in this State every partnership except commercial and banking partnerships established and transacting business in a place without the United States, transacting business in the State under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, is required to file with the clerk of the county in which its principal place of business is situated, a certificate signed by the partners and acknowledged before some officer authorized to take the acknowledgment of conveyances of real property, stating the names in full of all the members of such partnership and their places of residence, and publish the same once a week, for

four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county. (Civ. Code, §§ 2466, 2467.) By a subsequent section — 2468 — it is provided that "persons doing business as partners contrary to the provisions of this article shall not maintain any action upon or on account of any contracts made or transactions had in their partnership name, in any court of this State, until they have first filed the certificate and made the publication herein required." This is statute law, is very plain and must be given effect.

The complaint in the present case shows that the plaintiffs are partners under a designation not showing the names of the persons interested as partners, and counts upon a contract made in their partnership name. The statute in terms declares that persons thus doing business shall not maintain an action upon such a contract unless they shall have filed the certificate required by the section cited. Manifestly, therefore, *with the averments in respect to the partnership and the contract,* the complaint would have been demurrable had it failed to have alleged compliance with the condition imposed by the statute as a prerequisite to the maintenance of the action. And being, under such circumstances, a necessary averment, it was, of course, necessary for the plaintiffs to prove a substantial compliance with the condition, the allegation in that regard being denied in the answer. (*Fabian* v. *Callahan,* 56 Cal. 161.) Of course where the complaint fails to disclose that the plaintiffs fall within the provisions of section 2466 of the Civil Code, to avail the defendant the failure to file the required certificate must be set up in the answer as a defense to the action. In either case the action would only abate, and would not be a bar to another action brought after compliance with the provisions of the statute. (*Byers* v. *Bourret,* 64 Cal. 73.)

It results from what has been said that as there was a failure on the part of the plaintiffs to show a compliance with the statute in regard to the certificate of partnership, the court below should have granted the defendant's motion for judgment of nonsuit.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., McKINSTRY, J., THORNTON, J., MYRICK, J., and McKEE, J., concurred.