A. W. SWOPE & SON v. BURNHAM, HANNA, MUNGER & CO.

(Filed February 18, 1898.)

1, PARTNERSHIP—*Petition—Demurrer*. A petition is not subject to demurrer because it does not allege that the plaintiff partnership has complied with tne law by filing the certificate and making the publication required by sec. 3539 of the statutes of this Territory.

Swope & Son v. Burnham, Hanna, Munger & Co.

2. SAME—*Certificate—Publication.* Section 3539 of the statutes of this Territory provides that: "Every partnership transacting business in this Territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county, or sub-division, in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four succeessive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper in an adjoining county." It is *held*, that this section is not applicable to a non-resident mercantile partnership, engaged in the dry goods business in the State of Missouri, and which transacts its business in the Territory from such outside location, and is not alleged to have any place of business in this Territory.

3. PLEADING—*Amendment.* The amendment of pleadings is largely a discretionary matter, and a decision on such an application will not be reversed unless it is shown that there has been a clear abuse of discretion by the trial court; and where an amendment to a petition was allowed, which changed the allegation of plaintiffs' ownership in the property from that of absolute ownership to a special ownership, by virtue of a chattel mortgage, the parties and the property being the same, it is held that there was no error.

4. APPLICATION FOR CONTINUANCE—*Diligence.* No error is committed by a court in overruling an application for a continuance which does not show that diligence has been exercised in endeavoring to procure the absent testimony or evidence.

5. TRIAL—*Time of.* Under sec. 1, art. 3, ch. 39, Session Laws of 1895, amending sec. 327 of the Code of Civil Procedure, general sec. 4205 of the Statutes of 1893, of this Territory, a cause stands for trial whenever the issues have been made up for ten days, and the filing of amended pleadings does not revive the operation of this provision of the code and require that ten days elapse after the filing of the last amended pleading before the case is triable.

6. REPLEVIN—*Petition—Sufficiency of.* A petition, which bases the right of plaintiffs' recovery upon their special ownership in property, under a chattel mortgage, and which contains all of the usual allegations of such pleading in replevin, and alleges the conditions of the note so secured have been broken, is not subject to the objection that it is insufficient to state a cause of action because it does not state that the note has not been paid, or the amount due thereon.

—47

Swope & Son v. Burnham, Hanna, Munger & Co.

7. SAME—*Gist of Action.* The gist of the action of replevin is the right of the plaintiff to the possession of the property which is wrongfully detained by the defendant, at the time the action is brought; and where the plaintiff bases this right upon a chattel mortgage, with condition broken, and plaintiff recovers, and no issues have been framed relating to any equity of the defendants in the property, and it does not, in fact, appear that there was a residue after the satisfaction of the mortgage, by payment or foreclosure, no error is committed by the court in rendering judgment confirming plaintiff's right to the possession of all the property, although it may appear that at the time the action was brought, and the property delivered to the plaintiff under the replevin order, its value very considerably exceeded the principal and interest of the note.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Frank Dale, District Judge.*

*Neill & Clark,* and *Geo. P. Uhl,* for plaintiffs in error.

*Green & Strang,* for defendants in error.

Action of replevin. Judgment was had for plaintiffs, from which defendants appeal. Affirmed.

Opinion of the court by

BIERER, J.: The plaintiffs brought their action in replevin in the district court of Payne county, to recover the possession of a stock of goods, of which, in their original petition, they alleged they were the owners, and of which they were unlawfully and wrongfully deprived of the possession by the defendants. In their amended petition they allege their right of possession of the stock under a chattel mortgage, given by the defendants to secure a promissory note given by them to the plaintiffs. The plaintiffs brought suit in the partnership name of Burnham, Hanna, Munger & Co., and alleged that the partnership consisted of James K. Burnham, Thomas K. Hanna, Albert H. Munger, Frederick Stopel, Rice R.

Miner, Harry McWilliams, and Henry L. Root, and that this partnership is engaged in the wholesale dry goods business in the city of Kansas City, in the state of Missouri.

The defendants claim that plaintiffs have no right to maintain this suit, because they have violated the statutes of this Territory relating to partnerships. The statutes in question are sec. 3539, requiring that every partnership, of characters including the kind plaintiffs are:

"Transacting business in this Territory under a ficticious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or sub-division in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

And sec. 3541, which provides:

"The certificate filed with the clerk of the district court provided in sec. 3539 must be signed by the partners and acknowledged before some officer authorized to take acknowledgments of conveyances of real property. Persons doing business as partners, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this Territory until they have first filed the certificate and made the publication herein required: *Provided, however,* That if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action in all such partnership contracts and transactions entered into prior as well as after such compliance with this article, and the disabili-

ties heretofore imposed on partnerships by said article, for a failure to comply therewith, are hereby removed and made to conform to this section."

Defendant's filed a demurrer to the amended petition, because of its failure to allege that plaintiffs had complied with the requirements of these sections of the statute before bringing suit. This demurrer was overruled, and exception taken. There was no error in this action of the court. The statute provides that partnerships doing business in this Territory contrary to this provision of the statute, shall not maintain any action on account of partnership contracts. The presumption of law is that parties have complied with, and have not violated, statutory requirements, and it is not necessary for a party to allege that he has not violated the law. The petition was not subject to demurrer because it did not contain allegations of compliance with this statute. (*Phillips v. Goldtree*, [Cal.] 13 Pac. Rep. 313; *Phillips v. Goldtree*, [Cal.] 15 Pac. Rep. 451.)

Upon the overruling of the demurrer, the defendants filed their answer to the amended petition, in which they admit that plaintiffs are a partnership as by them alleged, and aver that the partnership was not of that kind which the law of the Territory does not require to file the certificate provided for by sec. 3539, and that plaintiffs were, at the beginning of this case, and for a long time prior thereto, carrying on and conducting business in the Territory of Oklahoma, both at wholesale and retail, without in any manner complying with, or attempting to comply with, the laws of Oklahoma Territory relating to partnership, and that plaintiffs are a partnership conducting business under a fictitious name, and a name and style not showing the name of all the persons in-

terested as partners, and that they had not filed the certificate, and made the publication, required by sec. 3539.

A demurrer was presented to this paragraph of the answer, because of its insufficiency to state a defense to plaintiffs' cause of action, and the demurrer was sustained, and exception taken, and this ruling of the court is particularly urged as ground for reversal of the case.

The claim of counsel for plaintiff in error is that every partnership, under sec. 3539, transacting business in this Territory under a fictitious name, or designation not showing the names of the persons interested as partners in such business, is required to file the certificate, and make the publication, therein provided for, and that plaintiffs are this character of partnership.

From the allegations of plaintiffs' petition, it is undoubtedly a partnership doing business under a designation which does not show the names of all the persons of which the partnership is composed, for the names of several of the partners do not appear in the firm name of Burnham, Hanna, Munger & Co. This, however, is not a fictitious name; it is a real name, but a name that does not designate all the parties interested.

This statute obtains in California, and counsel have cited a number of cases from that state, wherein it has been held that a partnership transacting business in violation of this law could not maintain an action upon a partnership contract. None of those cases, however, are like the one at bar. In fact, it does not appear whether the partnership was a resident or non-resident, or whether it had a place of business in the state, and the question seems to have been presented as one of fact, as to whether the certificate had been filed, and the publi-

cation made; or arose on the admissibility of evidence, or the sufficiency of evidence, upon such questions of fact. In none of those cases does the question now presented appear to have been raised; at least, it was not decided in the opinions. These cases cited are: *Sweeny v. Stanford*, (Cal.) 6 Pac. Rep. 688; *Sweeny v. Stanford*, (Cal.) 8 Pac. Rep. 444; *Byers v. Bourret*, (Cal.) 28 Pac. Rep. 61; *Meads v. Lasar*, (Cal.) 28 Pac. Rep. 935.

Here it is asserted that this non-resident partnership is doing business in this Territory in violation of law, but the allegation of the petition that plaintiffs are a mer-- cantile partnership engaged in business in the city of Kansas City, in the state of Missouri, is not denied, and none of the allegations of the answer are inconsistent with the fact that the place of business, and the only place of business, of this partnership, is Kansas City, Missouri. Does, then, the fact that it is doing business in this Territory, and conducting business here, all of which may naturally be done from its place of business in Kansas City, Missouri, by taking orders through its agents, or receiving them by mail from purchasers, or by merchants or other parties of this Territory going to Kansas City and making their purchases there, bring it within the provisions of sec. 3539? The entire section— all that is therein stated—must be read and considered together in determining what the section means. The language of the first portion of the section is broad and comprehensive, and, with the exception omitted, would seem to comprehend every partnership which transacts business in this Territory in a name in which all the members of the partnership do not appear. But this

must be read in connection with the further requirement
that the partnership must file the certificate with the
clerk of the district court of the county "in which its
principal place of business is stated;" and would seem
to us to mean that the partnerships which the legisla-
ture had in mind when enacting this section, were those
which had an establishment, a place of business, or one
or more places of business, in this Territory, for there
could be no "principal place of business" if there was not
some place of business, and it certainly was not intended
that the "principal place of business" should be stated
in the certificate, if one did not exist in fact.   The sec-
tion does not require that a partnership doing business
here shall have a place of business in the Territory, as
some statutes, in principle like this, do; but the require-
ment is that the certificate must be filed in the county
where the principal place of business is stated in the cer-
tificate to be.   Even as to partnerships which have an
established place of business in the Territory, and are
thereby brought under the provisions of this section, it
is not required that all or any of the partners should be
residents of the Territory, or that a deposit should be
made, or any bond or other security given, or that they
should appoint an agent who is a resident of this Terri-
tory, upon whom process could be served in actions
against the partnership; and in this respect, also, the
section is quite different from the provisions of this
character in many of the states.

The chief purpose of such a statute would seem to be
to inform parties doing business with a partnership of
the persons with whom they were dealing, so as to facili-
tate action and recovery in case of injury, and it is diffi-

cult to perceive the efficacy of such a certificate and publication to promote the purpose of the act, where there is neither person nor property in the Territory to serve or sieze, and where the section which it is claimed requires it does not declare the contract void for failure to comply therewith, so that the rights or remedies of neither of the parties are affected in any courts but ours; and we are not to suppose that the legislature meant to impose an impediment upon the free and prompt access to the courts of this Territory, with no compensating benefit. With a place of business in this Territory, where the members of a commercial partnership are non-residents, the purpose of this clause could probably be given effect. At all events, this language requiring the certificate to be filed, and the publication to be made, if there be a newspaper there, in the county, "in which its principal place of business is stated" is in this section, and either makes it mean that the certificate must be filed, and the publication made, whether the partnership has a place of business in the Territory or not, as counsel for plaintiff in error contend, which would nullify this clause of the section; or to mean that every such partnership must have a place of business in the Territory, which would be adding to it a most important requirement; or to mean, as we believe and construe it, that every such partnership, which has a place of business in the Territory, must file this certificate in the county of its principal place of business; and this construction gives effect to the language, when all taken together, and to the purpose of the enactment. In our view of the section, it does not apply to a non-resident partnership, whose place of business is out of the Territory, and where no

place of business of the partnership is within the Territory, although the partnership may do business in the Territory, the business being conducted entirely from the outside location; and as there is no allegation that plaintiffs have, or had, a place of business in the Territory in the paragraph of the answer which seeks to raise this defense, it was insufficient to bring plaintiffs within the requirements of this section of the statute.

Section 3541 does not prohibit any partnership from bringing suit until it has first filed the certificate provided for by sec. 3539, but it only prohibits persons doing business contrary to the provisions of the statute from bringing suit until the law is complied with. And of course the partnership would have to be one which came within the provisions of the law before it could be said that it was doing business contrary to its provisions. The demurrer was, therefore, properly sustained.

After the issues were made up, the court granted the plaintiffs, over the objection and exception of the defendants, leave to file an amended petition, in which the plaintiffs alleged that they had a special ownership in the goods in controversy, that is, a lien thereon, by virtue of a chattle mortgage made by the defendants to the plaintiffs, and which, with the note which it was given to secure, was made an exhibit to the amended petition.

It is urged that the court committed error in permitting this amendment, because it changed the plaintiffs' claim of title to the property from that of absolute ownership, as alleged in the original petition, to that of special ownership, or a lien thereon, as alleged in the amended petition.

We do not think there was any error in this ruling of the court. The amendment of pleadings is largely a matter of discretion, and a ruling upon such an application will not be reversed, unless there has been a clear abuse of the discretion of the trial court. (*Rogers v. Hodgson*, [Kan.] 26 Pac. Rep. 732.) The amendment was not a substantial change in the controversy between the plaintiff and defendant. The property sued for in the original petition was the same, exactly, as that stated in the amended petition, and the parties charged with the wrongful and unlawful detention of it were the same. The difference consisted in the kind of title upon which the plaintiffs based their right to require the delivery by the defendants to them of the property. Such amendments should always be permitted, where they are in furtherance of justice; and it is not shown that any justice would have been subserved in refusing plaintiffs' application, and this amendment does not go further than the courts have frequently permitted. (*Mulhall v. Mulhall*, 3 Okla. 304; *Teberg v. Swenson*, [Kan.] 4 Pac. Rep. 83.) In the last case the plaintiff was, after the cause, originally brought in the justice court, had been appealed to the district court, allowed to amend his bill of particulars, so as to allege a cause of action upon a judgment rendered upon two promissory notes, instead of one, as the action was begun upon the same two promissory notes.

There was no error committed by the court in overruling the defendants' application for a continuance. The action was brought on the 11th day of October, 1895, and the case was not tried until May 1, 1896, at the second term of the court after the action was brought. The

application does not show by what witnesses the defendants expected to prove the facts which they claim in their application were material to their defense; nor do they show the exercise of any diligence to ascertain the names of such witnesses, or to procure their testimony. Nor is it shown that these facts, if they existed at all as a defense, were not known to the defendants at all times since the action was brought. The fact that the defense which it is claimed the evidence which they desired to procure would support, was not interposed by the defendants until after the plaintiffs amended their petition, in no way excused their failure to use diligence in procuring the evidence. The defense sought to be presented by it, could have been presented as well to the action based on the original petition as upon the amended petition; and no error is committed by a trial court in overruling an application for continuance which does not show a diligent effort to procure the absent testimony or evidence.

Plaintiffs in error also complain because they were forced to trial before the expiration of ten days from the time the issues were made up under the amended pleadings of both parties; and they claim that under the amendment to sec. 327 of the code of civil procedure, which is general sec. 4205 of the Statutes of 1893, and which amendment appears in sec. 1, art. 3, ch. 39, of the Session Laws of this Territory of 1895, they could not be required to go to trial in the case until the expiration of ten days after the issues were finally closed. This amendment to the civil procedure act does not require that ten days shall in all cases, intervene between the time when the issues upon which the case is tried are act-

ually made up and the time of the trial, any more than the section which it amended so required. The difference between the original and amended sections is that, under the original the case was not triable at a term, unless, under the time fixed for pleading, the case was in default, or was, or should have been, at issue ten days before the first day of the term; while, under the amended section, the cause is triable whenever the case was, or should have been, under the time fixed for the filing of pleadings, at issue ten days, whether that occurred more than ten days before the first day of the term, or within the ten days, or during the term. Under neither the original nor the amended section, however, is the time when a case is triable determined by the filing of the last pleading, or in any way affected by the filing of amended pleadings. This provision of the statute had spent its force when, under the original section, the case was at issue, under the time fixed for the filing of the pleadings, ten days before the first day of the term; or, under the amended section, when ten days had elapsed after this stage of the case. The operation of this provision, under which a party might delay the trial of a cause for ten days from the time it was, or would be, properly at issue, under the code, was not revived by the filing of amended pleadings. (*Rice v. Hodge*, 26 Kan. 164.)

The defendants objected to the introduction of any evidence in the cause, because the amended petition failed to state facts sufficient to constitute a cause of action. This pleading alleged the partnership character of the plaintiffs, as we have before seen, and that the plaintiffs were the special owners of the goods, under the chattel mortgage, therewith exhibited, given to secure the note

thereto attached, and that they were entitled to the immediate possession of the goods and chattels, consisting of the stock of goods, etc., of the value of three thousand dollars, and that the conditions of the note had been broken, and that although plaintiffs had made due demand for the possession of this property, the defendants wrongfully detained the same, and refused the plaintiffs possession. We consider these allegations ample, at least, as against an objection to the introduction of testimony upon such an amended petition. Indeed the only claim of its insufficiency is based on the fact that the pleading did not allege that the note had not been paid, or the amount due thereon. While, under such a form of allegation of ownership it would undoubtedly be better practice to allege the specific amount for which plaintiffs claim a lien on the property, this was not essential. The allegation of the execution and existence of the mortgage and note, with the general allegation of condition broken, and plaintiffs' right to the possession, was sufficient in this respect to make the petition good against the objection made.

It is also urged that the judgment is erroneous, because it was given in favor of the plaintiffs for all the property delivered to the plaintiffs under the replevin order of delivery, and which it is claimed amounts to a little over four thousand dollars, while the amount of the note and interest which the chattle mortgage secured, on the day the action was brought, October 11, 1895, was only $3,177, and it is strenuously urged that the court should only have given judgment for an amount of the goods equal to the amount of the note. No such rule as this obtains in an action of replevin, nor is any

authority even suggested in its support.  The gist of the
action is the right of possession of the plaintiffs, and the
wrongful detention by the defendants at the time the
action is brought, and that was the only issue presented
in this case.  If plaintiffs had a valid mortgage on all
of this property to secure their note, and this the judg-
ment affirms, they were entitled, upon the condition of
the mortgage broken, which the judgment also must be
taken to affirm, not to the possession of a part of the
property, or, in fact, an amount equal to their note, but
to all of the property, until, at least, the note was paid
by the defendants or by foreclosure of the mortgage.  It
is not even attempted to be shown that when the mort-
gage was foreclosed and the property sold, any residue
was left; and the pleadings do not attempt to frame any
issues based upon any equity which the defendants may
have had in any residue, if there was any, of this prop-
erty.

A different question would appear if it had been al-
leged and proven that a residue of this property, in kind
or value, remained in plaintiffs' hands after a satisfac-
tion of this mortgage, though this condition arose after
this suit was begun; but, as the case was presented, there
was manifestly no error in confirming   the plaintiffs'
right of possession of all of the property.

There are some other matters mentioned in the brief
of counsel, relating to the replevin affidavit, and the ad-
mission and rejection of evidence, and demurrers there-
to.  We have examined the record, and do not consider
them, in the manner in which they are therein presented,
or in which they are referred to in the brief, of sufficient
importance to require a review by further extension of

this opinion. It is sufficient to say that they present no injury to any of the substantial rights of the defendants.

The judgment of the court is affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.