## CHOCTAW LUMBER COMPANY v. I. L. GILMORE.

### (Filed February 18, 1902.)

1. **FICTITIOUS PARTNERSHIPS—Actions by.** The declarations of the statute that a partnership transacting business in this territory under a fictitious name shall file a certificate with the clerk of the district court stating the names of the members of the partnership in full and publish the same for four consecutive weeks; that persons so doing business as a partnership, contrary to the provisions of this article, shall not maintain any action on account of any contracts made or contracts had in their name in any court in this territory until they have first filed their certificate and made the publication required, is mandatory and must be complied with literally, and the publication required must be of four consecutive weeks before any such action can be maintained in the courts.

2. **FICTITIOUS PARTNERSHIP—Assignment—Right of Action.** After the bringing of the suit the plaintiff partnership assigned its interest to an individual member of plaintiff to continue the prosecution of the action. Since the Choctaw Lumber company could assign no interest in the action other than that which they had at the beginning of the suit, and at the time, it had no right to maintain an action, and such a right could not be initiated by a subsequent sale and assignment to one of its member.

(Syllabus by the court.)

*Error from the District Court of Pottawatomie County; before Bayard T. Hainer, Trial Judge.*

*B. B. Blakeney* and *W. N. Maben,* for plaintiff in error.

*J. H. Woods,* for defendant in error.

### STATEMENT OF FACTS.

On October 9, 1901, the plaintiff in this action filed and published a certificate stating the names and places of residence

of the members of the partnership, the Choctaw Lumber company, provided for by sections 3539 and 3541 of the Statutes of 1893.

This action was begun in the district court of Pottawatomie county on same day by the Shawnee Lumber company, Davidson and Case, The Gloyd Lumber company, Lynn Bros. and J. E. McKee *et als.* under the firm name and style of "The Choctaw Lumber Company."

The plaintiff sought to enjoin Gilmore from directly or indirectly engaging in the lumber business, and from shipping lumber and other material into the county.

A temporary restraining order was granted, and thereafter Gilmore moved to dissolve the temporary injunction, first: Because the plaintiff had not filed and published the certificate stating the names and places of residence of the members of the partnership, The Choctaw Lumber company, as required by sections 3539 and 3541 of the Statutes of 1893 which are as follows:

"(3539) section 25. Except as otherwise provided in the next section, every partnership transacting business in this territory under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or sub-division in which its principal place of business is stated, a certificate, stating the names in full of all of the of the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then is a newspaper pubished in an adjoining county."

"(3541) section 27: The certificate filed wtih the clerk of the district court provided in section 3539 must be signed

by the partners and acknowledged before some officer author-ized to take acknowledgments of conveyances of real property. Persons doing business as partners, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this territory until they have first filed the certificate and made the publication herein required: *Provided, however*, that if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action in all such partnership contracts and transactions entered into prior as well as after such compliance with this article, and the disabilities hereto-fore imposed on partnerships by said article, for a failure to comply therewith, are hereby removed and made to conform to this section."

Second:   After the bringing of the suit the various plain-tiffs sold and assigned their respective interests to J. E. Mc-Kee, and on October 23rd McKee filed his application in the cause to be substituted plaintiff in the action, setting forth that he had purchased and received an assignment of all the interest in the stock of lumber and business generally of the plaintiff company, and that he was entitled to present and maintain the action in his own name, and asks that the action be revived in his own name, and that he be substituted as plaintiff in place of the Choctaw Lumber company, and be permitted to continue the action as plaintiff because the mem-bers of the partnership had entered into a pool and trust agree-ment to regulate and fix the prices of lumber, and to prevent and restrict competition in its sale in Pottawatomie county, and that they were carrying out this trust arrangement.

Gilmore also filed his answer setting up the same facts.

The cause was heard upon the 1st of November, 1901, and the injunction dissolved.   The appeal is taken from the judg-ment.

Opinion of the court by

MCATEE, J.: The declarations of the statute are peremptory that every partnership transacting business in the territory under a fictitious name shall file a certificate with the clerk of the district court showing the names of the persons interested as partners in the business, and that it shall be filed, as is fully and particularly stated in the sections of the statute heretofore set forth, and be published once a week for four consecutive weeks, etc.; and that persons doing business as partners contrary to the provisions of this article shall not maintain any action on account of any transaction or transactions made in their partnership name in any court of the Territory until they have first filed the certificates, and made the publication required.

There is no room for interpretation or construction, and it is not within the province of the court to undertake by some adroit interpretation, to disregard or to destroy the force of provisions the statute expressly, specifically, definitely and emphatically stated and undoubtedly intended for the protection of the citizenship of the territory which transacts business with any partnership doing business under a fictitious name.

The certificate provided for by the statute was filed in attempted conformity thereto on the 9th of October, the same day upon which the action was begun. The plaintiffs were not qualified or entitled to begin the action until they had made the publication herein required, which is that, "the certificate shall be published once a week for four consecutive weeks in a newspaper published in the county, if there be one."

And this is the view taken by the supreme court of California on August 9, 1883, in *Byers et al. v. Bourrett,* 28 Pac. Rep. 61.

—30

But the plaintiffs sought to obviate the difficulty, which they had encountered, by assigning their various interests to McKee, and procuring his substitution as plaintiff after the action had been commenced. The plaintiffs could not thus avoid the requirements of the statute. They had no right to begin the action at the time they did, and the substitution of McKee availed them nothing since he could have acquired no greater right than the persons and firms constituting "The Choctaw Lumber Company." They had no right to maintain the action on the 9th of October, and they could not thereafter initiate the right to sustain that action by subsequent sale and assignment to one of their number.

The judgment is affirmed.

Hainer, J., who presided in the court below, not sitting; All the other Justices concurring.