[S. F. No. 2016.  Department One.—February 27, 1902.]

J. J. NORTH, Respondent and C. B. ABRAMS et al., Copartners, under the firm name of ABRAMS BROS., Appellants, v. GEORGE MOORE et al., Respondents.

Action by Partnership—Abatement—Failure to File Certificate.— An action by a partnership, under the firm name of "Abrams Bros.," cannot be maintained, where the defendant pleads in abatement thereof, and the court finds, upon sufficient evidence, that the partnership had failed to file and publish a certificate thereof, as required by section 2466 of the Civil Code. Such firm name is not a designation "showing the names of the persons interested as partners," within the meaning of that section.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion.

Barna McKinne, for Appellants.

William H. Jordan, for J. J. North, Respondent.

J. S. Reid, for George Moore, Respondent.

Fisher Ames, for Minnie E. Bowes, Respondent.

CHIPMAN, C.—Action to foreclose mechanics and material-men's liens. There are two actions embraced in the appeal, which were consolidated at the trial. Defendant Moore was the contractor for the work; defendant Mrs. Minnie E. Bowes was the owner of the premises on which the work was done; plaintiff North was a sub-contractor of defendant Moore; and plaintiffs Abrams Bros. were also sub-contractors of defendant Moore. The court gave judgment against Moore, which directed that the amount claimed by North be paid out of the twenty-five per cent of the contract price reserved by defendant Bowes, which balance she had paid into court, and it was adjudged that, after paying North's claim, the balance be paid to Moore; that Abrams Bros. take nothing by their action; that Moore have judgment against them for costs, and that Bowes be relieved from all further liability, but to recover no costs. Abrams Bros. appeal from that part of the judgment against them and in favor of Moore, "but not from that part of said judgment in favor of plaintiff North and defendant Minnie Bowes"; and they also appeal from the order denying their motion for a new trial. No other parties appeal.

Defendant Moore, among other defenses, alleged that plaintiffs, doing business under the style and firm name of Abrams Bros., have not complied with any of the provisions of sections 2466 and 2468 of the Civil Code, and alleged the particulars wherein they have failed to comply therewith. The court found that the said plaintiffs "were doing business under the firm name of Abrams Bros. in the city and county of San Francisco, and that they have never filed any certificate with the county clerk of said city and county setting forth the names of the said copartnership, nor of any of the members thereof, neither their place of residence; nor have the said Abrams Bros. ever published any such statement in any newspaper whatsoever."

Abrams Bros. brought their action as copartners, and they alleged that their contract was with Moore as such copartners.

Moore pleaded the statute, and the court found with him, and the point is now urged. Section 2466 of the Civil Code provides that "every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county . . . a certificate," etc., and make publication thereof in some newspaper, as provided. Section 2468 provides, among other things, that "persons doing business as partners contrary to the provisions of this article shall not maintain any action upon or on account of any contracts made or transactions had in their partnership name, in any court of this state, until they have first filed the certificate and made the publication herein required." Appellants offered no evidence in support of the alleged partnership, and they make no answer in their brief to this defense. They make no objection to the judgment, except as it affects their claim against defendant Moore. "Abrams Bros." cannot be said to be a designation "showing the names of the persons interested as partners." The firm name might apply equally to a partnership composed of two or more and might embrace all or only some of the brothers of the name of Abrams. The statute clearly defeats their right to maintain the action against Moore, and leaves them without any right to be heard on this appeal. We have, however, examined the record, and can discover no error.

In their brief plaintiffs make no mention of the order, nor do they claim that a new trial should have been granted. We may assume that the appeal from the order is abandoned. The findings support the judgment.

It is advised that the judgment and order be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.