## BAKER v. L. C. VAN NESS & Co.

No. 266.    Opinion Filed November 9, 1909.

. (105 Pac. 660.)

PLEADING—Necessity of Reply.  Where, prior to the admission of the state into the Union, in an action of replevin by L. C. & C. A. Van Ness, partners as L. C. Van Ness & Co., to recover certain personal property in which they claimed a special ownership by virtue of certain chattel mortgages securing certain promissory notes, there was for answer a general unverified denial and allegations in effect that plaintiffs were a partnership with its principal place of business at E., in Oklahoma Territory, and were transacting business under a fictitious name in violation of Wilson's Rev. & Ann. St. 1903, sections 3901, 3903, and no reply was filed, and defendant on the trial objected to the introduction of any evidence because of no reply, **held,** that a reply was necessary; that, none being filed, the material allegations of the new matter set forth in the answer uncontroverted by a reply should have been taken as true and as constituting a complete defense to the action; and for that reason the judgment in favor of plaintiffs was contrary to law.

(Syllabus by the Court.)

*Error from District Court, Canadian County; C. F. Irwin, Judge.*

Action by L. C. Van Ness & Co., against E. L. Baker. Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*W. W. Wallace,* for plaintiff in error.—Citing: *Choctaw Lumber Co. v. Gilmore,* 11 Okla. 462; *Byers v. Bourret* (Cal.) 28 Pac. 61; *North v. Moore* (Cal.) 67 Pac. 1037; *Sweeney v. Stanford* (Cal.) 8 Pac. 462.

*W. A. Maurer,* for defendants in error.

TURNER, J.   On July 29, 1905, L. C. Van Ness and C. A. Van Ness, partners doing business in El Reno, Okla., as L. C. Van Ness & Co., sued Emma L. Baker in replevin in the district court of Canadian county to recover a certain stock of goods, wares, and merchandise, claiming a special ownership therein by virtue of a certain chattel mortgage thereon, securing to them certain prom-

issory notes, which said notes and mortgages were made, executed, and delivered by defendant to plaintiff on September 1, 1904, and were due and unpaid and filed as exhibits to plaintiff's petition. Later plaintiff filed an amended petition, to which defendant answered by general unverified denial, and further:

" * * * That plaintiffs are a copartnership transacting business in the territory of Oklahoma, with its principal place of business at El Reno, Canadian county, Okla., under a fictitious name and designation not showing the names of the persons interested in said copartnership; and that said plaintiffs have not filed with the clerk of the district court of Canadian county, Okla., a certificate stating the names in full of all members of said copartnership and their place of residence and caused same, to be published in some newspaper for four weeks in said county, as required by law and prior to bringing this action; and that there are and were newspapers published in said county of Canadian. Wherefore," etc.

The cause coming on for hearing to the court with no reply filed, defendant objected for that reason to the introduction of any evidence on behalf of plaintiff, which objection was overruled and exceptions saved. At the close of the evidence, judgment was rendered in favor of plaintiff and against defendant, to review which, after motion for a new trial filed and overruled, she brings the case here and contends that the judgment is contrary to law. It clearly is. The answer set up material allegations of new matter, and the same, being uncontroverted by a reply, should have been by the court taken as true. As true, it constituted a complete defense to the action under Wilson's Rev. & Ann. St. Okla. 1903, sections 3901, 3903, and defendant was entitled to judgment on the pleadings. In *Choctaw Lumber Co. v. Gilmore,* 11 Okla. 462, 68 Pac. 733, the court of these sections said:

"There is no room for interpretation, and it is not within the province of the court to undertake by some adroit interpretation to disregard or to destroy the force of the provisions the statute expressly, specifically, definitely, and emphatically stated and undoubtedly intended for the protection of citizenship of the territory which transacts business with any partners doing business under a fictitious name."

Said sections seem to have been borrowed from California and are sections 2466 and 2468 of the Civil Code. In *North v. Moore et al.,* 135 Cal. 621, 67 Pac. 1037, the court held that the firm name of "Abrams Bros." was not a designation "showing the names of persons interested as partners" and said firm to be within the contemplation of said section. See, also, *Sweeney v. Stanford,* 67 Cal. 635, 8 Pac. 444; *Byers et al. v. Bourret,* 64 Cal. 73, 28 Pac. 61; *Choctaw Lumber Co. v. Gilmore,* 11 Okla. 462, 68 Pac. 733; *A. W. Swope & Son v. Burnham, Hanna Munger & Co.,* 6 Okla. 736, 52 Pac. 924.

In *S. G. Babcock et al. v. Farmers', etc., Bank,* 46 Kan. 548, 26 Pac. 1037, the latter sued the former on a promissory note. Babcock answered: That the note was void for want of consideration; that at different times he had borrowed various sums from the bank for which he agreed to a usurious interest, the total of which amounted to the sum sued for; and that said note was executed for said usurious interest. The answer was verified. No reply was filed to the answer. Defendant asked judgment on the pleadings, which was overruled, and trial was had without reply over the objection of defendant. Judgment was rendered in favor of plaintiff, and defendant brought error. The court in passing said:

"The reply was not waived, and we think it was error for the trial court to proceed without requiring a reply to the new matter set up in the answer. Section 128 of the Civil Code provides that every material allegation of the new matter in the answer not controverted by the reply shall, for the purpose of the action, be taken as true. The defense set up was that the entire consideration of the note was usurious, which, if true, was a complete defense to the note set out in the petition. We think a reply was necessary, and, none having been filed, we are of the opinion that the plaintiff in error should have had judgment upon the pleadings. *Scott v. Morning,* 18 Kan. 489"—
and reversed and remanded the cause for a new trial.

In *Higby et al. v. Ayres et al.,* 14 Kan. 331, Ayres & Martin, judgment creditors of Higby, sued to set aside a deed of assign-

ment made by Higby for the benefit of his creditors, on the ground of fraud. Defendants answered that one of the plaintiffs, with full knowledge of all the facts, acquiesced in and became a party to said assignment and instructed and encouraged the assignee to proceed under the same and to sell the trust property. Neither plaintiff replied to the answer. Defendants at the trial objected to the introduction of any evidence because of the condition of the pleadings and asked for judgment in their favor on the papers in the case. The objection and motion were overruled, and judgment rendered in favor of plaintiff against both defendants. The court, in substance, held that a reply was necessary as to the plaintiff, who, it was alleged, had acquiesced in said assignment, that defendants did not waive a reply by proceeding to trial without one, and reversed and remanded the case, and in passing said:

"There was no reply filed to this answer, and there was nothing in the case which tended to show that the defendants waived a reply. On the contrary, it seems that they twice objected to the introduction of evidence because of the condition of the pleadings, and they also asked for a judgment in their favor upon the papers in the case. It is true, the objection to the evidence went to both of the plaintiffs, while it could properly apply to only one of them; but still it shows that the defendants did not intend to waive a reply. Where a reply is necessary, as it was in this case, and none has been filed, it must appear affirmatively from the conduct of the defendants that the reply has been waived, or the court must take all the allegations of the new matter contained in the answer as true. Where the defendants go to trial, and proceed with the trial in all respects as though a reply had been filed, such conduct on their part will authorize the court and the other party to consider that the defendants have waived a reply; but that is not the case. The evidence in this case failed to show that Martin acquiesced in said assignment with a full knowledge of all the facts; but still, as such was so alleged by the defendants, and not denied by the plaintiffs, we must take it that such was the fact."

We are therefore of opinion that as a reply was necessary, and there is nothing in the record tending to show that defendants waived it, the court erred in admitting said evidence over her objection that no reply was filed, and for that reason the judgment

of the trial court is contrary to law, and the case is reversed and remanded.

All the Justices concur.