## SMITH v. WOODS *et al.*

No. 1858.   Opinion Filed June 25, 1912.

(124 Pac. 1088.)

**PARTNERSHIP—**Fictitious Name—Publication — Action.   Paragraphs 3901, 3903, Wilson's Rev. & Ann. St. 1903 (sections 5023, 5025, Comp. Laws 1909), providing that a partnership transacting business in this state under a fictitious name shall file a certificate with the clerk of the district court stating the names of the members of the partnership in full, and publish the same for four consecutive weeks, and that persons doing business as a partnership contrary to the provisions thereof shall not maintain any action on account of any contracts made or contracts had in their name in any court in this state until they have first filed their certificate and made the publication required, is mandatory, and must be complied with literally, and the publication required must be had before any such action can be brought or maintained in the courts.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by William P. Woods and another against Herbert E. Smith. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with instructions.

*Herbert E. Smith, pro se.*

*M. A. Holcomb* and *John H. Clapp,* for defendants in error.

DUNN, J.   This case presents error from the district court of Okmulgee county, and was brought by William P. Woods and C. George Kirschbaum, as plaintiffs, against Herbert E. Smith and others.   The action was to foreclose a mechanic's lien.   To the petition filed in which they averred that they were partners doing business under the firm name and style of East Side Lumber Company of Okmulgee, state of Oklahoma, the defendant Smith filed answer, in which he pleaded:

"That he admits that the plaintiffs are a partnership and compose the firm known as the East Side Lumber Company, and, under such fictitious name, were doing business at the time and place set forth in the petition herein, and alleges that the subject of this action, if any exists, is in the East Side Lumber Company, a copartnership with fictitious name, and that this court is without jurisdiction to try and hear this action, and the plaintiffs are without any right to bring and maintain the same as by them alleged, and this defendant avers that the East Side Lumber Company, a partnership, is not of the kind which the law of Oklahoma does not require to file the certificate provided by paragraph 3902, Wilson's Rev. & Ann. St. 1903 (section 5024, Comp. Laws 1909), and that plaintiffs were, at the beginning of this case, and for a long time prior thereto, transacting, carrying on, and conducting business in the state of Oklahoma, Okmulgee county, under the fictitious name of the East Side Lumber Company, which name or designation did not and does not disclose and show the name of the persons interested as partners, in such business, and that said plaintiffs had not filed the certificate and made the publication required by paragraph 3901, Wilson's Rev. & Ann. St. 1903 (section 5023, Comp. Laws 1909) for Oklahoma, when the alleged indebtedness was contracted, and its alleged right of action accrued, and when and at the time of instituting this action."

On the filing of this answer, and, to wit, on the 9th day of July, 1909, the trial court granted plaintiffs 60 days to plead, and

on the 11th day of September, 1909, they filed their reply in which, among other things, they alleged:

"That they, as a partnership, in the name of the East Side Lumber Company did, on the ———— day of July, 1909, filé a cer- tificate as provided in paragraph 3902, Wilson's Rev. & Ann. St. 1903 (section 5024, Comp. Laws 1909), which certificate desig- nates and shows the names of said partnership doing business under the fictitious name of the East Side Lumber Company to be William P. Woods and C. George Kirschbaum; that said certificate was filed with the clerk of the district court of Okmulgee county, Okla., on the ———— day of September, 1909, and proof of the publication of the same was duly filed in said district court of Okmulgee county, state of Oklahoma, showing same was pub- lished as required by said paragraph 3902, Wilson's Rev. & Ann. St. 1903 (section 5024, Comp. Laws 1909), and certificate made and published as required in paragraph 3901, Wilson's Rev. & Ann. St. 1903 (section 5023, Comp. Laws 1909)."

The first question raised by the defendant is that, under the statutes of Oklahoma, the plaintiffs were not entitled to maintain their action, that they were not the proper parties plaintiff, and also the action could not be commenced or maintained until after the certificate referred to had been filed and the advertisement made. Paragraph 3901, Wilson's Rev. & Ann. St. 1903, being section 5023, Comp. Laws 1909, reads as follows:

"Except as otherwise provided in the next section, every part- nership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the dis- trict court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an ad- joining county."

Paragraph 3903, Wilson's Rev. & Ann. St. 1903, being sec- tion 5025, Comp. Laws 1909, provides:

"The certificate filed with the clerk of the district court pro- vided in paragraph 3901 (sec. 5023) must be signed by the part- ners and acknowledged before some officer authorized to take acknowledgments of conveyances of real property. Persons doing business as partners, contrary to the provisions of this article, shall

not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this state until they have first filed the certificate and made the publication herein required: Provided, however, that if such partners shall at any time comply with the provisions of this article, then such partnership shall have the right to maintain an action in all such partnership contracts and transactions entered into prior as well as after such compliance with this article, and the disabilities heretofore imposed as partnerships by said article, for a failure to comply therewith, are hereby removed and made to conform to this section."

Under the pleadings in this case, it is admitted that the East Side Lumber Company was a partnership, and that the name adopted was a fictitious one, and did not show the names of the persons interested as partners in the business, and, furthermore, that the advertisement provided for was not made prior to the commencement of the action, and not until after a demurrer and the answer had been filed to plaintiffs' petition. The question is therefore: Was this a sufficient compliance with the requirements of the act?

Statutes of the foregoing and similar import obtain in several states, and the question here presented has in a number of instances been before the courts for consideration. The statute of Ohio on this subject reads that "any person doing business contrary to the provisions of this act shall not maintain an action on account of any contract made or transaction had in their partnership name * * * until they have first filed the certificate, and made the publication herein required."

In the case of *New Carlisle Bank v. Brown*, 11 Ohio Cir. Ct. R. 77, on the question of whether the word "maintain," as used therein, includes the beginning of an action, the Circuit Court of the Second Circuit of that state said:

"It is contended by the plaintiff in error that the word 'maintain' in said section is not synonymous with 'begin' or 'commence,' but that it is used rather in the sense of 'carry forward'; that an action may be commenced notwithstanding the noncompliance with the conditions prescribed, but may not be pursued to final judgment until said conditions are fulfilled. This seems to us an artificial and strained construction. We think the word means

to begin and prosecute the action to final judgment. Such is the interpretation adopted by the Supreme Court of California in the construction of an act of that state of which our statute is a substantial copy, and it is the more natural and reasonable definition. *Byers et al. v. Bourret,* 64 Cal. 73, 28 Pac. 61."

The Supreme Court of California in the case referred to— *Byers et al. v. Bourret*—in the syllabus said:

"A partnership doing business under a designation not showing the names of the partners cannot commence an action until they have filed the certificate and made the publication required by the Civil Code. The commencement of an action is a part of maintaining it."

In the consideration thereof the court said:

"In this case it was incumbent on the plaintiffs to have shown that the certificate had been filed and published once a week for four successive weeks before the commencement of the action. We find the law very plainly written, and must hold accordingly."

See, also, *Sweeney et al. v. Stanford,* 67 Cal. 635, 8 Pac. 444; *North v. Moore et al.,* 135 Cal. 621, 67 Pac. 1037; *Heegaard et al. v. Dakota Loan & Trust Co.,* 3 S. D. 569, 54 N. W. 656; *Swope & Son v. Burnham, etc., Co.,* 6 Okla. 736, 52 Pac. 924; *Choctaw Lumber Co. v. Gilmore,* 11 Okla. 462, 68 Pac. 733.

In the case of *Choctaw Lumber Co. v. Gilmore, supra,* it appears from the statement of facts that on October 9, 1901, the plaintiff, the Choctaw Lumber Company, filed and published a certificate stating the names and places of residence of the members of the partnership, and on the same day began its action in the district court against certain parties defendant. A motion was made to dissolve the temporary injunction granted because the plaintiff had not filed and published the certificate required by the statutes above noted. After bringing the suit, the plaintiff sold and assigned its interest therein to one McKee, who filed his application in the case to be substituted plaintiff, setting forth that he had purchased the rights of plaintiff. The same question was raised in that case as in this, and Justice McAtee, who prepared the opinion for the court, said:

"There is no room for interpretation or construction, and it is not within the province of the court to undertake by some adroit interpretation, to disregard or to destroy the force of provi-

sions the statute expressly, specifically, definitely, and emphatically stated and undoubtedly intended for the protection of the citizenship of the territory which transacts business with any partnership doing business under a fictitious name. The certificate provided for by the statute was filed in attempted conformity thereto on the 9th of October, the same day upon which the action was begun. The plaintiffs were not qualified or entitled to begin the action until they had made the publication herein required, which is that 'the certificate shall be published once a week for four consecutive weeks in a newspaper published in the county, if there be one.' * * * They had no right to begin the action at the time they did, and the substitution of McKee availed them nothing since he could have acquired no greater right than the persons and firms constituting 'The Choctaw Lumber Company.' They had no right to maintain the action on the 9th of October, and they could not thereafter initiate the right to sustain that action by subsequent sale and assignment to one of their number."

The purpose of the act is well stated by Judge Bierer in the *Swope v. Burnham, etc.*, case, *supra*. It is to put the parties who are doing business with a fictitious partnership upon the same plane as the members of the concern in so far as information may be necessary to know with whom they are dealing. Parties doing business as a partnership under a fictitious name may be one set of individuals today and another set tomorrow, and people transacting business with it grope in the dark when the time comes to assert their rights in court. The sanction which the statute carries with it is contained in the denial of the right of persons doing business as partners contrary to the provisions of the act to maintain any action on accounts or contracts made or transactions had in their partnership name until it has first filed the certificate and made the publication required. The law is plain, means what it says, and plaintiff lacked any standing in court after its right was challenged.

Under the circumstances, the judgment of the trial court must be reversed, and the cause remanded, with instructions to dismiss the same.

TURNER, C. J., and KANE, and HAYES, JJ., concur; WILLIAMS, J., absent, and not participating.