## OKLAHOMA FIRE INS. CO. v. WAGESTER.

No. 2380.	Opinion Filed June 10, 1013.

(132 Pac. 1071.)

1. PARTNERSHIP—Fictitious Names—Filing Certificate of Names of Partners. Sections 5023 and 5025, Comp. Laws 1909 (Rev. Laws 1910, secs. 4469 and 4471), do not apply to an individual who does business under a fictitious or trade name.

2. INSURANCE—Proof of Loss—Waiver by Insurer. A provision of a fire insurance policy, requiring proof of loss to be furnished the company within 60 days from the date of the fire, is waived by the company denying within said time liability under the policy upon other grounds than failure to furnish proof of loss.

3. SAME—Action on Policy—Stipulations as to Time of Bringing Suit. The provision of a fire insurance policy, providing that no suit or action on the policy shall be sustained unless commenced not later than six months next after the loss or dam-

age occurs, is rendered void by section 1128, Comp. Laws 1909 (Rev. Laws 1910, sec. 977).

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by Juliza Wagester, doing business as Wagester Sisters, against the Oklahoma Fire Insurance Company. From a judgment for plaintiff, defendant brings error. Affirmed.

*Brook & Brook,* for plaintiff in error.
*Murphey & Noffsinger,* for defendant in error.

HAYES, C. J. The action was brought in the court below by Juliza Wagester, doing business under the style and firm name of Wagester Sisters, to recover on a policy of insurance, which she alleges was executed and delivered to her under said firm name by plaintiff in error, hereinafter referred to as defendant, on the 23d day of September, 1908. The policy of insurance was for the sum of $500, and insured against loss by fire a stock of merchandise located in the city of Muskogee. She alleged that the property insured was partially destroyed and the remainder damaged by fire on the 6th day of November, 1908. She alleged full performance of all the conditions of the policy, including the payment of premium, and that she was at all times the owner of the goods covered by the policy, except she alleges that she did not, within 60 days after the date of the loss, file with the company proof of loss as required by a provision of the policy. As an excuse for such failure, she alleges that defendant waived that requirement of the policy by shortly after the fire and at all times since said time denying liability under the policy. Defendant, by its answer, alleges failure of plaintiff to furnish proof of loss as required by the contract of insurance, and further alleges that the action cannot be maintained, because the same was not instituted within six months after the date of the fire, as is required by a provision of the policy; and also alleges that it has never waived any of its rights under

the policy.    Other allegations are made in the answer, but it is unnecessary to set them out.

Plaintiff, by supplemental reply, alleges:    First, that the action was brought within six months after the expiration of the 60 days fixed by the policy for furnishing proof of loss; and, second, that if the policy requires the action to be begun within six months from the date of the fire, defendant has waived this provision of the policy, and is now estopped from relying upon same.

The trial in the court below was to a jury, and resulted in a verdict and judgment for plaintiff in the sum sued for.

It has been with much difficulty that we have been able to ascertain from the briefs of counsel for defendant just what propositions it relies upon for reversal of the cause, or what propositions relied upon are duly presented by the record.    Several different . assignments of error, presenting different questions of law, have been urged under one proposition.    The first assignment of error urged complains of the action of the court in overruling a demurrer to plaintiff's petition; but an examination of the record discloses that the demurrer was withdrawn by the defendant, without ever having been ruled upon.    The second assignment of error complains of the overruling of a motion to make the petition more definite and certain; but the record fails to disclose that this motion was ever acted upon.    The brief contains other inaccuracies which have hindered the court in considering the cause.

It is insisted by counsel that plaintiff cannot maintain the action, for the reason that she does not allege in her petition that she had complied with the law by filing the certificate and making the publication required by sections 5023 and 5025, Comp. Laws 1909 (Rev. Laws 1910, sec. 4469 and 4471).    The foregoing statutes require every partnership transacting business in the state under fictitious names or a designation not showing the names of the persons interested in such business, to file with the clerk of the district

court in the county in which its principal place of business is situated a certificate, stating the names of the persons constituting the partnership, their places of residence, and to publish the certificate for a period of four successive weeks. Failure to file the certificate and make the publication as required renders the persons doing business under such partnership unable to maintain any action on any contract or transaction of the partnership, until such certificate is filed and published as required.

Allegation of compliance with the requirements of this statute in his petition is not required of a plaintiff partnership in order to state a cause of action, for the presumption is that the law has been complied with. *Swope & Son v. Burnham, Hanna, Munger & Co.,* 6 Okla. 736, 52 Pac. 924. Failure to comply with this statute was not alleged in the answer; but evidence was introduced or facts admitted which show that plaintiff never filed any such certificate. Assuming, without deciding, that such issue may be raised in this manner, we think the contention is without merit, for the reason that the statute has no application to the facts of this case. There is no partnership involved in this case; plaintiff was doing business alone; under a firm name, it is true, but there is absence of any evidence that any one shared with her, either in the profits or the liabilities of the business. There is nothing in the statute that requires a person who does business alone under a fictitious or trade name to file the certificate and make the publication. The requirement applies only to partnerships. The provision prohibiting the maintaining of an action without filing the certificate is: "All persons doing business as a partnership contrary to the provisions of this article. * * *"

The evidence establishes that no proof of loss was furnished the company within the 60 days prescribed by the policy; but there is evidence also to establish that the company, acting through its general adjuster, within a few days after the fire, before the expiration of the 60 days for the

proof of loss to be furnished, denied all liability under the policy upon other grounds than failure to furnish proof of loss. Such a denial of liability constitutes, under almost all the authorities, a waiver of the requirement to give notice or furnish proof of loss. 4 Cooley's Briefs on Law of Ins. p. 3531. The policy provides that no suit or action on the policy shall be sustained "unless commenced not later than six months next after the loss or damage occurs." Plaintiff's first contention in response to this defense is that the six months did not begin to run until the expiration of 60 days within which to make proof of loss. Respectable authorities may be found upon both sides of this question; but it is not necessary to review them and to decide which line this court will follow.

There is also evidence to support a waiver of this provision; but the defense cannot be maintained for a greater reason. By section 1128, Comp. Laws 1909 (Rev. Laws 1910, sec. 977), every stipulation or condition in a contract by which a party limits the time within which he may enforce his rights by legal proceedings is made void. The above-cited statute was in force at the time of the execution of the policy of insurance here involved, and therefore renders the provision of the policy now under consideration invalid. *Gray v. Reliable Insurance Co.,* 26 Okla. 593, 110 Pac. 728.

The other contentions presented for reversal are either based upon alleged errors that have not been presented with sufficient compliance with the rules of this court to be entitled to consideration, or are so manifestly without merit as not to require discussion.

The judgment of the trial court is affirmed.

All the Justices concur.