## FITCH v. BRADDOCK et al.

No. 11996—Opinion Filed Oct. 23, 1923.

1. **Brokers — Sale of Land — Right to Commission — Procuring Cause.**
Where a broker is employed to secure a purchaser for certain property at a given price net to the seller, and said broker finds a purchaser who, after obtaining the name of the owner of the property and its location from the broker, goes and examines the property and decides to buy it, but goes to the owner and closes the deal, the broker is entitled to his commission, on the theory that he was the procuring cause of making the sale.

2. **Same.**
In this case, the record shows that the property was listed with the broker and that he procured a purchaser who bought the property at the price given the broker, and under the rule adopted by this court the broker is entitled to his commission.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by A. A. Braddock and others against Ervin R. Fitch. Judgment for plaintiffs, and defendant brings error. Affirmed.

A. A. Braddock, O. M. Estell, and E. R. Braddock, partners doing business under the name and style of Modern Realty Company, brought suit in a justice court against Ervin R. Fitch for certain commissions claimed to be due the plaintiffs on the sale of a piece of property in Oklahoma City. There was judgment for the plaintiffs, and defendant appealed to the district court, where there was again judgment for the plaintiffs, and defendant appealed to this court. The material facts necessary for a consideration of this case are as follows: On September 9, 1918, plaintiff in error was the owner of a residence property at 214 East 7th St., Oklahoma City. There was a sign on said property "for sale." O. M. Estell, a member of the firm of defendants in error, seeing the sign, made application to plaintiff in error for a listing of the property, and plaintiff in error listed the property with the firm of which O. M. Estell was a member at a price of $2,500 net to the plaintiff in error. A few days thereafter Mrs. C. J. Stephens called at the place of business of the defendants in error and secured from them the list of property they had for sale of a character such as she would desire to purchase, and included in this list was the property of the plaintiff in error. Either the day following or the next day, she and her father visited this property and decided to buy it. Mr. Estell had given her the name of the owner who is the plaintiff in error, and having his name, she and her father called on him and bought the property di-

rect from the owner, entirely ignoring the agents who had given her the location of the property and the name of the owner. The defendants in error then called on Mr. Fitch, the plaintiff in error, and claimed their commission, which Mr. Fitch refused to pay, and this suit was instituted. The plaintiff in error has assigned three errors: First, the trial court erred in overruling the demurrer of plaintiff in error to the evidence of defendants in error; second, the trial court erred in its charge to the jury; and third, the trial court erred in refusing to give special instructions offered by plaintiff in error. Affirmed.

W. J. Davidson, for plaintiff in error.

Chastain, Harris & Young and E. R. Braddock, for defendants in error.

Opinion by MAXEY, C. Plaintiff in error in his brief urges the first error assigned and insists that the demurrer to the evidence should have been sustained upon the grounds that the plaintiffs were not entitled to maintain this action, for the reason that it was transacting business under a fictitious name or names, or name not disclosing the names of all of its members, in compliance with the provisions of the statutes on that subject. It is admitted that the plaintiff in error, Fitch, had no pleadings setting up this defense, and did not raise it in any other way until he raised it by demurrer to the evidence. We do not think this error is well taken. This court has in a number of cases held a noncompliance with the statute requiring partnerships to file a certificate giving the names of their partners is a defensive matter, and must be raised by some pleadings. It not being necessary for the plaintiffs to allege and prove that they have complied with such statutes, as the law presumes that they have complied with it, and it is a matter purely defensive. Swope v. Burnham, 6 Okla. 736, 52 Pac. 923; Baker v. L. C. Van Ness & Co., 25 Okla. 34, 105 Pac. 660; W. G. Blanchard & Co. v. Ezell, 25 Okla. 434, 106 Pac. 960; Smith v. Woods et al., 33 Okla. 237, 124 Pac. 1088; Oklahoma Fire Insurance Co. v. Wagster, 38 Okla. 291, 132 Pac. 1071. In view of the holdings of this court in the cases cited, it is not necessary to discuss this assignment of error any further. The second assignment of error complains of the court giving instruction No. 3, which is as follows:

"You are further instructed, gentlemen of the jury, that if you find and believe that the defendant listed his property with plaintiffs for sale and that plaintiffs procured a purchaser for said property or were the procuring cause, through which defendant sold his property, then the plaintiff would be entitled to recover; and in this connection you are further instructed that if you find the evidence that plaintiff, while acting as agent for defendant, furnished a Mrs. Stephens her first information in respect to the location, name of owner and price of defendant's property, and that the information so given resulted in bringing about negotiations for the sale of the property to Mr. and Mrs. Stephens, then your verdict must be for the plaintiff in the sum of $125, and the fact that the defendant closed the deal himself, without actual knowledge of plaintiffs' acts and at a lower price, is not material to the question before you."

We do not think this instruction is open to the objections made to it, and taken with the other instructions given by the court, we do not think the plaintiff in error has any just cause to complain.

The third assignment of error is that the court erred in refusing to give special instructions offered by the plaintiff in error. We have examined these instructions offered by plaintiff in error and think that the court did right in refusing them. They do not state the law correctly and would rather confuse the jury than enlighten them. The instructions given by the court state the issues and the law governing the case fairly, and the jury found for the defendants in error, and this court in a number of cases has held that where the case is fairly submitted to the jury by proper instruction, that this court will not disturb the verdict unless it is clearly against the weight of the evidence; and in this case, we cannot say that the verdict is not supported by the evidence. These broker commission contracts have been before this court a number of times, and we call attention to a few cases, which we think are decisive of the question herein involved. In the case of Washington v. Colvin, 55 Okla. 774, 155 Pac. 251, this court quotes with approval section 148, Mechem on Agency, as follows:

"He who would avail himself of the advantages arising from the act of another in his behalf must also assume the responsibilities. If the principal has knowingly appropriated and enjoyed the fruit and benefits of an agent's act, he will not afterwards be heard to say that the act was unauthorized. One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own with all its burdens, as well as all

its benefits. He may not take the benefits and reject the burdens, but he must either accept them or reject them as a whole."

Again, in Treese v. Shoemaker, 80 Okla. 235, 195 Pac. 766, this court said:

"A broker employed to secure a lease is entitled to his commissions if during the continuance of his agency he is the efficient or procuring cause of the execution of the lease, though the actual agreement for the lease is made by the principal with the owner of the land; and the broker will be regarded the procuring efficient cause if his efforts are the foundation upon which the negotiations resulting in the execution of the lease are begun."

And the case of Bohnefield v. Wahl et al., not yet officially reported, but found in Okla. App. Court Reporter of May 24, 1923, at page 480. The case is on all fours with the case under consideration and is conclusive of this case. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.