[No. 5687.]

## WALLBRECHT ET AL. V. BLUSH ET AL.

1.  Partnership — Failure to File Affidavit — Capacity to Sue —
    Statutory Construction.

    Chapter 65, Sess. Laws 1897, requires persons doing business under a firm name other than the names of the members, to file affidavits with the county clerk and recorder showing the members of the firm, and provides that firms failing to do so may not sue for the collection of their debts until such affidavits shall be filed. Held, that such statute. is penal, and will not be construed as embracing any penalty except that provided by its terms; and hence the filing of the prescribed affidavit is not a condition precedent to the prosecution of an action to recover possession of real property.—P. 332.

2.  Public Lands—Erection of Buildings Thereon by Mistake.

    If a person erects a building on the public domain by mistake, it does not necessarily become the property of the government or of a subsequent homesteader, but the owner of the building will have a reasonable time. within which to remove it. —P. 333.

3.  Landlord and Tenant—Title—Estoppel.

    A tenant is estopped to deny his landlord's title, and the fact that the property leased is public domain is immaterial, so long as the title of the landlord is the same as it was at the time the tenancy was created.—P. 333.

4.  Same.

    Before a tenant can dispute his landlord's title, he must surrender possession and place the landlord in the same position, so far as possession is concerned, as he was in when the relation of landlord and tenant was instituted.—P. 334.

5.  Partnership—Landlord and Tenant—Action to Recover Possession—Defenses—Estoppel.

    Where tenants had dealt with their landlord as a partnership, and, after a change in the membership of the firm, continued to so deal with it as reorganized by paying the rent up to a short time before the commencement of an action against them by the landlord to recover possession, they are estopped to say that the partnership relation did not exist.—P. 334.

*Appeal from the County Court of Jefferson County.
Hon. Charles McCall, Judge.*

Action by Fred Blush and Harry H. Blush, co-
partners under the name of Klondike Ice Company,
against Charles Wallbrecht and Mata Wallbrecht.
From a judgment of the county court for plaintiffs,
on appeal from a like judgment in the justice of the
peace court, defendants appeal.        *Affirmed.*

Mr. H. G. BENSON and Mr. D. C. WEBBER, for
appellants.

No appearance for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

This was an action of unlawful detainer, orig-
inally brought before a justice of the peace by ap-
pellees as plaintiffs against appellants, for the pos-
session of certain described buildings.  The com-
plaint alleged that plaintiffs were the lessees of two
certain tracts of land situate near the town of South
Platte, in Jefferson county; that on the first day of
January, A. D. 1902, John B. Blush and John D.
Blush and Fred Blush then composed the copartner-
ship known as "The Klondike Ice Company" and
were the lessees of these two tracts of land, and that
they sublet to the defendants certain buildings
known as "the hotel, barn and postoffice buildings,"
and also a dwelling house to be thereafter furnished
and provided by the plaintiffs for the defendants;
that subsequently the house was so provided upon a
portion of the property above mentioned.  This lease
was for a year, and at the expiration of the year the
firm as it then stood agreed to continue the term for
another year.  After this extension the membership
of the firm was changed, John B. Blush and John D.
Blush dropping out, and their places being filled by

plaintiff, Harry Blush.  At the expiration of the term as so extended, namely, on the 31st of December, 1904, plaintiffs notified the defendants that they desired the premises.  Defendants declined to move out, and a statutory notice was served upon them and, as they still continued to refuse to vacate, this action was commenced.

Defendants answered the complaint and denied the copartnership, denied the title of plaintiffs, admitted that they leased the property from the Klondike Ice Company as it was composed January, 1902, but denied that their lessors were in fact copartners, and denied that the houses which were leased by them were situate upon the property described in the complaint; they admitted that the term of the lease was extended for one year, but averred that the extension was in writing; admitted that they paid the rent for the full period of two years, and averred that they paid $6.97 as partial payment for the rent of the premises for the month of January, 1905; and they alleged that the plaintiffs had failed to file the affidavit of copartnership required to be filed by the Session Laws of 1897.

Upon these issues they went to trial before a jury in the justice court, and a verdict was rendered for plaintiffs.  Defendants then took an appeal to the county court, the matter was tried to the court without a jury, and the judgment was again for the plaintiffs.  Defendants appeal to this court.

At the time of the trial the defendants objected to the swearing of witnesses and the taking of testimony on the ground that the court was without jurisdiction to try the case, because of the failure of plaintiffs to file the affidavits required by the Session Laws of 1897, page 248.  This objection was overruled, and is the first assignment of error which is discussed.

We think the court was correct in its ruling in this matter. The statute provides that:

"In default of filing for record such affidavits as aforesaid, such persons, partnerships and associations so trading and doing business as aforesaid shall not be permitted to prosecute any suits for the collection of their debts until such affidavits shall be filed."

This is a penal statute and will not be construed as embracing any penalty except that provided by the terms of the act, which is that the firm "shall not be permitted to prosecute any suits for the collection of their debts." An action to recover possession of real property cannot be said by any reasonable construction to be an action for the collection of a debt. This action not being of the character mentioned in the statute, the filing of the affidavit is not a condition precedent to the prosecution of the action.

The plaintiffs proved that they had the lease to the property mentioned in the complaint, that they sublet the property to the defendants in 1902, and renewed the lease until December 31st, 1904, and served notice at that time of their intention to terminate the tenancy, and the refusal of the defendants to vacate. Defendants offered to prove that the "property in question is government property"; that the plaintiffs and their grantor had no title and that the defendants about a year before the action was commenced made a homestead filing upon it; all of which proof was rejected by the court and judgment rendered for the plaintiffs.

As we understand the contention of the appellants, it is not that the land described in the complaint was government land, but that the buildings leased to the defendants were situate upon the public domain and not upon the subdivisions described in

the complaint. If it be true that some of these buildings were located upon the public domain, we fail to see how that would assist the defendants. The fact that by mistake or otherwise a person erects a building upon the public domain would not necessarily make it the property of the government or of a subsequent homesteader. The owner of the building would have a reasonable time in which to remove it. The tenant is estopped from denying the title of his landlord as long as he is in possession of the premises under the lease. But, the defendants say that this doctrine does not apply in cases of fraud, unfairness, mistake or misapprehension of fact. There was nothing of that kind either alleged in the answer or attempted to be proven at the trial. There is no hint either in the pleadings or the testimony offered of any fraudulent action or unfairness upon the part of the plaintiffs. If it is said that the fact that one or more of the houses was upon government land constituted a mistake, this would not bar the plaintiffs from recovering their property. In view of the fact, however, that the offer of proof shows that one of the defendants made a homestead filing upon the land upon which it is contended these buildings are located, about a year before the expiration of the lease and continued to pay rent during all of that time and even paid $6.97 as a portion of the rent for the succeeding month, it demonstrates that they were not misled by any mistake and that they continued to treat the plaintiffs as their landlords and were willing to continue so to do.

It is said in 24 Cyc. 941:

"It is no objection to the estoppel to deny title that the landlord had no title at the time the relationship was created. The fact that the property leased by a private person is public property does not prevent the operation of the estoppel."

Authority from five státes, namely, Louisiana, Michigan, Minnesota, Oklahoma and Washington is cited in support of the doctrine.

So long as the title of the landlord is the same as it was at the time the tenancy was created and the tenant is not disturbed in his possession, it is immaterial whether the title of the landlord was valid or not. Before the tenant can be heard to dispute the title of his landlord he must surrender the possession of the property and place his landlord in the same position, so far as possession is concerned, that he was at the time that the relationship of landlord and tenant was instituted.

There seems to be some contention in the brief of appellants that the judgment was erroneous because the partnership relation of defendants was not proven. The plaintiffs dealt with it as a partnership, taking the lease and, after the change in the membership of the firm was made, continued to so deal with it as it was reconstructed, by the payment of rent even up to a short time before the filing of the complaint in this action, and they cannot be heard to say now that the partnership relation did not exist, even if such a defense could be available in an action of this character, which we do not determine.

Perceiving no error in the record, the judgment will be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.