## FARQUHARSON v WADKINS *et al.*

No. 5446.  Opinion Filed November 30, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1160.)

1. **PARTNERSHIP—"Doing Business Under Fictitious Name"— Compliance With Statute.** A. and B., doing business as partners under the name and style of the "Elite Theater," are doing a partnership business under a fictitious name, within the terms of section 4469, Rev. Laws 1910, and are required to file and publish the certificate prescribed in such section.

2. **SAME—Right to Sue.** Until such partners doing business as above set out have filed and published the certificate required by section 4469 they are denied the right by section 4471, Rev. Laws 1910, to maintain an action in the courts of the state to recover damages for wrongful acts against them as such partnership.

3. **SAME—Action by Partnership—Motion to Dismiss.** When the right to maintain an action by such partnership is challenged by motion to dismiss on account of its failure to file and publish such certificate, it "lacked any standing in court," and to deny such motion was prejudicial error.

(Syllabus by Galbraith, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by G. T. Wadkins and another, partners, doing business as the "Elite Theater," against A. O. Farquhar-

son and another. Judgment for plaintiffs against the defendant named, and he brings error. Reversed.

*Tibbetts & Green,* for plaintiff in error.

*C. G. Hornor,* for defendants in error.

Opinion by GALBRAITH, C. The defendants in error, as plaintiffs in the trial court, commenced this action to recover damages, alleging in their petition that they were partners in business under the name and style of the "Elite Theater," and were engaged in conducting a moving picture business at the city of Guthrie, Logan county, State of Oklahoma; that they had a license issued by the city of Guthrie authorizing them to conduct such business, and a regular place of business in said city; that A. O. Farquharson was acting mayor and W. H. Mitchell was chief of police of the city of Guthrie at the time; that on the 29th day of December, 1910, the plaintiffs had arranged to exhibit to their patrons at this theater a certain motion picture of the Jeffries-Johnson prize fight, which took place at Reno, Nev., on the 4th of July, 1910; that there was no law against such exhibition and no legal reason why such picture should not be shown; that the plaintiffs had gone to considerable expense in advertising the time and place of showing the picture; that Farquharson, as mayor, and Mitchell, as chief of police, without authority of law, arbitrarily prevented the plaintiffs from showing such picture, to their great damage, etc. The defendants demurred to the petition, which was overruled, and then presented a motion to dismiss. This motion was as follows:

"Comes now the defendant A. O. Farquharson and moves the court to dismiss the above-entitled action, upon the ground and for the reason that the plaintiff above

named is a partnership transacting business in this state under a fictitious name, which does not show the names of the persons interested as partners in such business, and for the further reason that said partners have not filed with the clerk of the district court of the county of Logan, State of Oklahoma, a certificate stating the names in full of all the members of such partnership and their place of residence, and have not published the same once a week for four successive weeks in a newspaper in the county, as is provided by law; a certificate of the clerk of said court being hereto attached, marked Exhibit A, and made a part hereof, which said certificate certifies that said partnership above named has not filed in the office of the clerk of this court such certificate as is required by law. Tibbetts & Green, Attorneys for Defendant A. O. Farquharson.

"State of Oklahoma, County of Logan: I, C. H. Griswold, clerk of the district court of said Logan county, State of Oklahoma, hereby certify that I have made careful search of the records of my office, and particularly the records as to partners required by law to be filed in my office, and hereby certify that the firm of G. T. Wadkins and J. E. Russell, partners, doing business under the firm name and style of the Elite Theater, have not filed in my office any certificate stating the names in full of the members of such partnership, their places of residence, and there is no proof of publication of the same on file in my office. In witness whereof I have hereunto set my hand and the seal of said court this 11th day of November, A. D. 1911. C. H. Griswold, Clerk, by E. Weinberger, Deputy."

This motion was overruled, and exceptions saved, and then the defendants answered by way of general denial, and pleading, further:

"That, when said pictures were advertised to be shown and were shown in the city of Guthrie, a great deal of race feeling was engendered on account of the fact that

there is a large negro population in said city of Guthrie, and because of the rivalry between the races on account of said fight, the same being for the world's championship and between a white man and a colored man; that said fight itself was an extremely brutal exhibition, and its production contrary to good morals; and that by reason thereof and because of the danger of race riots and mob violence, which was apparent at the time said pictures were offered to be shown by the plaintiffs, the police of said city of Guthrie, acting as they believed, and as this defendant alleges to be the case, under lawful authority by virtue of certain ordinances, therein set out in full," etc.

The answer sets out the ordinances relied upon, which ordinances prohibit certain exhibitions, but none of them prohibited the exhibition of pictures of prize fights. There was a general denial by way of reply and answer. Upon the issues thus made a jury was waived, and the cause submitted to the court for trial. The court found in favor of the defendant Mitchell, chief of police, but found against the mayor, Farquharson, and rendered judgment against him in favor of the plaintiffs in the sum of $150. From that judgment an appeal has been duly perfected to this court by petition in error and case-made.

The first assignment argued is, that the court erred in denying the motion to dismiss, on the ground that the plaintiffs were doing business as partners under a fictitious partnership name, and were seeking relief for injury sustained in their business so conducted, and had not complied with the statute of the state in regard to fictitious partnerships, and were therefore denied the privilege of suing in the courts of the state by the provisions of the statute. Section 4469, Rev. Laws 1910, prescribes that:

"Every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper * * * in an adjoining county."

Section 4771 prescribes the penalty for failure of persons doing business under a fictitious name to comply with the statute, as follows:

"Persons doing business as partners under a fictitious name, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name in any court of this state, until they have first filed the certificate and made the publication herein required," etc.

It is plain that the plaintiffs in the trial court were conducting business as partners under a fictitious name within the meaning of section 4469, and were therefore required to publish the certificate prescribed in that section, and, not having published this certificate, section 4471 denied to them the right to maintain an action "on account of any transactions had in their partnership name." They instituted the suit to recover damages for an injury claimed to have been sustained by them as partners under this fictitious name of the "Elite Theater." These parties did not institute the action to recover damages sustained by them as individuals on account of the wrongful acts of the defendants complained of, but they seek to recover damages for injuries resulting to the fictitious partnership, the "Elite Theater."

It is contended on behalf of the defendants in error that this statute only covers actions growing out of contracts and was intended only for the protection of creditors dealing with fictitious partnerships, but this contention is not sustained by the decisions of this court, and a different interpretation has been given this statute by such decisions.

*Baker v. L. C. Van Ness & Co.*, 25 Okla. 34, 105 Pac. 660, was an action in replevin, and the answer set out that the plaintiff could not maintain the action against them because they were doing business under a fictitious name, and had not complied with the statute under consideration. No reply was filed to this answer, and the court said:

"The cause coming on for hearing to the court with no reply filed, defendant objected for that reason to the introduction of any evidence on behalf of plaintiff, which objection was overruled, and exceptions saved. At the close of the evidence judgment was rendered in favor of plaintiff and against defendant, to review which, after motion for a new trial filed and overruled, she brings the case here, and contends that the judgment is contrary to law. It clearly is. The answer set up material allegations of new matter, and the same, being uncontroverted by a reply, should have been by the court taken as true. As true, it constituted a complete defense to the action under Wilson's Rev. & Ann. St. Okla. 1903, secs. 3901-3903, and defendant was entitled to judgment on the pleadings."

Sections 3901 and 3903 of Wilson's Statutes are the same as sections 4469 and 4471 of Revised Laws 1910.

Again, *Smith v. Woods et al.*, 33 Okla. 233, 124 Pac. 1088, was an action to foreclose a mechanic's lien brought by the East Side Lumber Company. The claim was made that the plaintiffs were doing business as partners under

Farquaharson v. Wadkins et al.

a fictitious name, and had not complied with the statute under consideration, and therefore could not maintain the action. The court, in sustaining the contention, in part said:

"Parties doing business as a partnership under a fictitious name may be one set of individuals today and another set tomorrow, and people transacting business with it grope in the dark when the time comes to assert their rights in court. The sanction which the statute carries with it is contained in the denial of the right of persons doing business as partners contrary to the provisions of the act to maintain any action on accounts or contracts made or transactions had in their partnership name until it has first filed the certificate and made the publication required. The law is plain, means what it says, and plaintiff lacked any standing in court after its right was challenged."

So it may be said of these plaintiffs in the trial court that, when their right to maintain the action had been challenged by the motion to dismiss, they "lacked any standing in court," and could not maintain the action, and the motion should have been sustained, and it was prejudicial error in the trial court to overrule this motion, and on account of that action of the court the judgment appealed from must be reversed.

We therefore recommend that the judgment appealed from be reversed, and the cause remanded, with directions to the trial court to vacate the judgment and sustain the motion to dismiss the action.

By the Court: It is so ordered.