SANGUIN et al. v. WALLACE et al.

No. 33992. June 19, 1951.

Rehearing Denied July 10, 1951.

*234 P. 2d 394.*

George T. Arnett, Idabel, and Vester Songer, Hugo, for plaintiffs in error.

Hal Welch and O. A. Brewer, Hugo, for defendants in error.

GIBSON, J. Plaintiffs commenced this action for an injunction and damages against the defendant Earnest Wallace, by alleging they are the owners of the south 115 feet of lots 11 and 12, block 100, in the City of Hugo, Oklahoma; that defendant in erecting a building on his lot has built an east wall next to their west wall and that in building the wall defendant has encroached five inches on the property of plaintiffs. Thereafter plaintiffs filed an amended petition in which they joined the defendant Earnest Wallace with A. S. Brooks and Bills Spears, contractors, and therein, in addition, alleged plaintiffs were operating the premises as the Sanguin Repair Shop; that the defendants interfered with an "over-hang" on the roof of plaintiffs' building and caused said building and its contents to be damaged. They prayed for damages in the sum of $20,500; $9,000 of this being for the rental value and use of the real property; $2,000 damages to the building; $4,000 for the repair of the roof, and $5,000 damages to personal property. In the amended petition they also prayed for an injunction.

Earnest Wallace, individually, and A. S. Brooks and Bill Spears, jointly, filed answers alleging that plaintiffs were doing business under a fictitious name as partners contrary to the provisions of 54 O. S. 1941 §81 et seq. When the case was called for trial, the court found the allegations of the answers true and at the same time refused a request of the plaintiffs to amend the amended petition by striking therefrom any reference to the operation of the business as the Sanguin Repair Shop and entered an order dismissing the action, and plaintiffs have appealed.

Plaintiffs present two allegations in the petition in error which are as follows:

"1. The court erred in dismissing plaintiffs' cause of action on the motion of the defendants as contained in their answer.

"2. The court erred in finding and holding that before Wayne Sanguin and A. C. Cearley could maintain an action against the defendants for damage to their real and personal property, and for loss of business, time and for exemplary damages, that they would have to file the certificate and publish the notice required for partners to do business under a fictitious name, as provided by Title 54, O. S. 1941 §§81 and 83."

It is first argued that the petition contains no allegation of partnership or of plaintiffs doing business under a fictitious name and that it was therefore error for the trial court to consider the question of whether or not plaintiffs were operating under a fictitious name. 54 O. S. 1941 §81, provides as follows:

"Except as otherwise provided in the next section, every partnership transacting business in this State under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

54 O. S. 1941 §83, is in part as follows:

" . . . Persons doing business as partners, under a fictitious name, contrary to the provisions of this article, shall not maintain any action on or on account of any contracts made or transactions had in their partnership name

in any court of this State until they have first filed the certificate and made the publication herein required: . . ."

The failure to comply with the above sections of the statutes may be raised by answer. Baker v. L. C. Van Ness & Co., 25 Okla. 34, 105 P. 660; Fitch v. Braddock, 93 Okla. 78, 219 P. 703; Magnolia Petroleum Co. v. Galloway, 183 Okla. 432, 83 P. 2d 174. See, also, Ann. in 45 A.L.R. commencing at page 198. The answer properly raised that issue in the case at bar.

The consideration of that issue prior to trial was proper because of the following proceedings which appear from the journal entry of judgment:

"The defendants and each of them by their attorney asked the Court before the jury is sworn to try the cause, to pass on the motion to dismiss the action which motion is set forth in the defendant's answer and is on the grounds that the suit is one of a fictitious partnership, a firm name which does not disclose the identity of the members of the partnership, and they had not complied with the fictitious partnership law by filing an affidavit showing the names of the members of the partnership and publishing a notice, thereby calling the answer and the motion to dismiss contained in the answer of the defendants to the Court's attention.

"Attorney for the defendants and each of them asking attorney for the plaintiff if they would admit that the affidavit had not been filed and publication made and if they would waive proof of it by the court clerk, whereupon the attorney for the plaintiff answered that they would admit that no certificate had been filed or publication made and would waive proof thereof but stated to the court that the suit was not an action by a partnership doing business under a fictitious name and after argument to the court, attorney for the plaintiff requested permission to strike the words 'known as Sanguin Repair Shop' from the petition to which the attorney for the defendants objected and the court refused to permit the phrase or words 'known as Sanguin Repair Shop' in the second paragraph of the amendment to the petition to be stricken therefrom."

It is next argued that the statutes do not apply to an action in tort. In Farquharson v. Wadkins, 54 Okla. 450, 153 P. 1160, plaintiffs brought an action against the mayor and chief of police of the city of Guthrie for damages and obtained a judgment. In reversing the judgment with directions to dismiss, the court held that the action could not be maintained because the plaintiffs had not complied with the statute. Therein the court said:

"It is plain that the plaintiffs in the trial court were conducting business as partners under a fictitious name within the meaning of section 4469, and were therefore required to publish the certificate prescribed in that section, and, not having published this certificate, section 4471 denied to them the right to maintain an action 'on account of any transactions had in their partnership name.' They instituted the suit to recover damages for an injury claimed to have been sustained by them as partners under this fictitious name of the 'Elite Theater.' These parties did not institute the action to recover damages sustained by them as individuals on account of the wrongful acts of the defendants complained of, but they seek to recover damages for injuries resulting to the fictitious partnership, the 'Elite Theater.' "

The second paragraph of the syllabus is as follows:

"Until such partners doing business as above set out have filed and published the certificate required by section 4469 they are denied the right by section 4471, Rev. Laws 1910, to maintain an action in the courts of the state to recover damages for wrongful acts against them as such partnership."

In this connection it is argued that we adopted this statute from California and are bound by its holding. This contention is based upon a statement in Baker v. L. C. Van Ness & Co., supra, that these sections were borrowed from California. Assuming, without deciding, that this is true, we have not held to

the California construction thereof. Stinchcomb v. Harris, 192 Okla. 184, 134 P. 2d 990.

It is argued that the trial court erred in not striking from the amended petition any reference to the operation of the premises as the Sanguin Repair Shop. We find no error in this respect. As pointed out above, the defendants had the right to raise in the answer the operation of the partnership under a fictitious name `and the action of the court in striking the reference to the Sanguin Repair Shop from the amended petition would have been of no legal benefit to the plaintiffs.

Plaintiffs also argue that this was an action by cotenants of real and personal property for permanent damage to property and that they had the right to maintain the same despite the fact that 54 O. S. 1941 §§81, 83, require the filing and publishing of a certificate by a fictitious partnership. In so far as the action relates to the permanent damage to the real property, we agree with this contention. The action for the damage to the real property is that of co-owners of an undivided one-half interest in the property and interest in such property was the interest of such co-owners and cotenants and not the interest of partners. Although the partnership used the building, and although they might be denied the right to recover for any damage to the partnership, this did not apply to an action for damage to the real property. It may be seen that if the partnership should cease to operate the business of the Sanguin Repair Shop, the right to recover damage to the real property would not be affected thereby. It is axiomatic that cotenants of real property may maintain an action in their own name for damages thereto. It has been held that a similar statute did not apply to an action to recover real property. Wallbrecht v. Blush, 43 Colo. 329, 95 P. 927. See, generally, section on fictitious name statutes, 68 C.J.S. p. 493. A deed of realty to partners in-dividually if unexplained vests in them equal undivided interests as tenants in common. 68 C.J.S. p. 507.

It results, therefore, that in so far as the action by Wayne Sanguin and A. C. Cearley seeks to recover damages to real property, such action should be sustained; but in so far as it seeks to recover any damage to the partnership business or the personal property owned by the partnership being conducted on the premises, the action comes within the prohibition of 54 O. S. 1941 §§81, 83.

The cause is reversed and remanded, with directions to the trial court to set aside the order dismissing the action and to reinstate the cause and to proceed in accordance with the views herein expressed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.